PRESCOTT, APPELLEE, *v.* MAKOWSKI, APPELLANT.

(No. 45342—Decided April 18, 1983.)

Mr. *Gregory L. Prescott,* pro se.
Mr. *John P. Thomas,* for appellant Richard Makowski.

MARKUS, J. Defendant-landlord appeals from a small claims judgment, requiring him to repay his tenant's security deposit. He argues that the trial court erred by overruling his objection to the report filed by the court's referee. We find no merit in that contention, so we affirm.

Plaintiff-tenant filed his "Statement of Claim" in the Small Claims Division of the Garfield Heights Municipal Court. In that pleading, he asserted that he had given landlord $150 as a security deposit when he rented the downstairs apartment of a two-family house in November 1980. He further stated that he terminated his tenancy on December 22, 1981, after having paid the rent for that calendar month. He alleged that the landlord had failed and refused to return the security deposit, and that the landlord failed to send him an itemized statement showing charges against the security deposit within thirty days after the tenancy had ended. As damages, he sought payment of double the security deposit plus $87.12 for the unused portion of the December rent.

Tenant's pleading and summons were served on defendant by certified mail. Landlord filed no responsive pleading, and the matter was heard on sworn testimony by a trial referee, whose report made the following findings and recommendation:

"FACTS:

"1) A security deposit of $150.00 was paid to Defendant at the beginning of a month to month tenancy.

"2) Notice of vacating by tenant was given and was received by the landlord on or about December 1, 1981. Tenant was out of premises on December 27, 1981.

"3) Landlord had knowledge of where tenant lived (sister's house) but did not send written estimate of any alleged damage until February 5, 1982.

"4) · That charges against security deposit were not made within 30 days of vacating of premises in violation of Landlord Tenant law.

"RECOMMENDATION:

"The Referee recommends Judgment in behalf of the Plaintiff against the Defendant in the sum of $150.00 plus interest of 8% per annum from date of Judgment and costs."

Landlord filed a written objection to that report, which was ultimately overruled when the trial judge entered judgment for tenant against landlord in the amount recommended by the trial referee.

R.C. 5321.16(B) makes the following provisions for residential rental agreements:

"Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered * * *. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section."

R.C. 5321.16(C) provides:

"If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

Landlord contends that the quoted statutory language imposed no obligation on him, because tenant failed to provide him with a new address in writing. However, the referee found from sworn evidence that landlord had actual knowledge of tenant's residence throughout the thirty-day interval after tenant left the premises. Indeed, landlord's briefs in the trial court and this court make it clear that landlord knew tenant had moved from an apartment rented by landlord to an apartment rented by landlord's sister.

We hold that a landlord's statutory duty to return any security deposit within thirty days, or within that time to supply tenant with an itemized list of claimed deductions together with the balance of that deposit, applies when landlord has actual knowledge of tenant's subsequent residence, even if tenant has failed to supply that address in writing. Tenant's written notice of his "forwarding address or new address" is required by R.C. 5321.16 (B), solely to ensure that landlord has some reasonable method to return the security deposit or the balance of the security deposit with an itemized list of the claimed deductions. This court has previously explained the effect of these statutory provisions in *Sherwin* v. *Cabana Club Apartments* (1980), 70 Ohio App. 2d 11, at 17 [24 O.O.3d 11]:

"* * * [T]he landlord's failure to provide a notice containing an itemization of deductions from the security deposit within thirty days of termination of the lease automatically penalizes the landlord in the amount of the security deposit and reasonable attorney's fees, where the tenant brings an action to recover his security deposit under R.C. 5321.16. Further, the court has discretion under the statute to award additional damages in the amount of the security deposit."

In this case, the trial court gave tenant judgment for the amount of the security deposit with no further damages. Tenant apparently incurred no attorney's fees. The court may have declined to grant tenant any further damages on the basis that landlord apparently acted in the mistaken belief that his damage claims could offset the security deposit obligation without providing a written notice. Cf. *Dwork* v. *Offenberg* (1979), 66 Ohio App. 2d 14 [20 O.O.3d 36].

Landlord argues that the trial court failed to consider his claimed damage to the premises as an offset or a basis for affirmative relief. Although landlord's right to recover any demonstrable damages survives his failure to provide the thirty-day notice described earlier, it does not then constitute a defense to tenant's claim for the unreturned security deposit. Tenant's claim under R.C. 5321.16(C) for his unreturned security deposit and any related penalty is separate and distinct from landlord's tardy claim for any unpaid rent or damage to the premises. *Sherwin* v. *Cabana Club Apartments, supra,* at 18. Landlord filed no counterclaim in the trial court, so the referee and the court had no reason to evaluate his oral damage allegations at the referee's hearing or his written restatement of those claims in his subsequent objection to the referee's report.

For all these reasons, we conclude that the trial court correctly entered judgment on the information supplied by the referee's report, and that landlord's assignment of error must be overruled.

The trial court's judgment is affirmed.

*Judgment affirmed.*

CORRIGAN, J., concurs.

DAY, P.J., concurs in judgment only.