**RIDENOUR et al., Appellees,**

**v.**

**NEUFER, Appellant.**

[Cite as *Ridenour v. Neufer* (1989), 64 Ohio App.3d 453.]

Court of Appeals of Ohio,
Medina County.

No. 1799.

Decided Dec. 27, 1989.

*Lawrence J. Courtney,* for appellees.

*Bruce Hall,* for appellant.

CACIOPPO, Presiding Judge.

Cher J. Neufer owned a house in which she lived and also rented apartments. Roger and Donanna Ridenour ("Ridenour") were tenants. Ridenour paid a $430 security deposit and monthly rent.

In April 1988, Ridenour gave notice of intent to terminate the tenancy. On May 27, 1988, Ridenour vacated the apartment and gave written notice of a new address. The notice was given to Joanna Schwartz, Neufer's roommate.

Having not received a security deposit refund or an itemized statement concerning any deductions from that deposit, Ridenour filed a suit for damages pursuant to R.C. 5321.16. Neufer filed an answer and counterclaim for compensatory and punitive damages. Both the complaint and answer were subsequently amended.

The cause was tried to the court. The trial court determined that Joanna Schwartz was held out to Ridenour with apparent authority to act for Neufer. Therefore, Neufer was estopped from asserting as a defense that Neufer did not receive written notice of Ridenour's new address. The trial court found that Neufer's counterclaim for damages was without merit. The trial court entered judgment for Ridenour, which included reasonable attorney fees.

Neufer appeals.

### Assignments of Error I and II

"I. The court below erred in finding an agency by estoppel to have existed between Defendant–Appellant and her roommate.

"II. The court below erred in finding that Defendant–Appellant told Plaintiffs–Appellees to deal with her roommate regarding the rental property if Defendant–Appellant was unavailable."

Neufer contends that the trial court's finding of agency by estoppel was against the manifest weight of the evidence. Neufer argues that there was no evidence before the trial court to establish an agency and that Neufer,

as principal, did not induce reliance upon the apparent authority of her roommate, Joanna Schwartz.

In a civil case, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. Reviewing the record, we can not say that the trial court erred in the findings which support the judgment.

There was competent, credible evidence that Neufer's actions toward Ridenour created apparent authority in Joanna Schwartz. Ridenour relied upon Joanna as Neufer had instructed. Although Neufer is correct in arguing that no evidence establishes an express agency for the purpose of receiving notice, the trial court did not, and need not, rely upon such evidence.

The first two assignments of error are overruled.

### Assignment of Error III

"The court below erred in awarding Plaintiffs–Appellees their attorney's fees."

Neufer argues that the evidence before the trial court did not establish that the attorney fee was reasonable.

"If the trial court finds that a landlord has wrongfully withheld a portion of the tenant's security deposit, it shall determine the amount of reasonable attorney fees to be awarded on the basis of the evidence presented. Although such determination shall not be reversed except upon abuse of discretion, the award must relate solely to the fees attributable to the tenant's security deposit claim under R.C. 5321.16." *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 513 N.E.2d 737, paragraph four of the syllabus.

In reviewing the record, we find that evidence was introduced concerning the attorney fee. From this evidence, the trial court determined the time and hourly rate and established the attorney fee in the judgment. In so doing, the trial court did not abuse its discretion.

The third assignment of error is overruled.

### Assignment of Error IV

"The court below erred in precluding inquiry for purposes of impeachment into the credibility of Plaintiff–Appellee Roger Ridenour upon cross-examination of said witness."

Neufer argues that upon cross-examination, the trial court abused its discretion in not permitting questions concerning Roger Ridenour's credibility.

Neufer relies upon Evid.R. 608 in asserting that extrinsic evidence concerning conduct is not admissible for the purpose of attacking credibility, but at the court's discretion, probative evidence of truthfulness is admissible.

Although we agree with Neufer's discussion of Evid.R. 608(B), we cannot find that the trial court abused its discretion in excluding specific questions. See Evid.R. 104 and 608(B). Also, Neufer did not proffer for the record any evidence which this court could consider in reviewing the exercise of discretion.

The fourth assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

QUILLIN and REECE, JJ., concur.