CRISTAL, Appellee,

v.

DRC INTERNATIONAL, INC., Appellant.

[Cite as *Cristal v. DRC Internatl., Inc.* (1991), 74 Ohio App.3d 493.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60586.

Decided June 10, 1991.

**494**

[redacted]

*Benesch, Friedlander, Coplan & Aronoff* and *David W. Neel,* for appellee.
*S.I. Khayat,* for appellant.

*Per Curiam.*

## I

Appellant, DRC International, appeals the decision of the Shaker Heights Municipal Court which granted judgment against it. The court ordered that the appellant pay damages in the amount of $1,000 plus interest at ten percent per annum.

## II

Susan McGrady Cristal ("Susan") was a tenant in a rental suite belonging to DRC International. At the beginning of the tenancy, Susan paid the sum of $525 as a security deposit. At the end of the expiration of the lease, which was September 1988, Susan vacated the premises. Susan gave timely notice that she would be moving out when her lease expired. Susan gave her forwarding address to the building custodian.

Susan did not receive back her security deposit. DRC International did not explain why it was withholding her deposit. There was no dispute concerning Susan's claim that she left the apartment in good condition.

On January 8, 1990, Joseph G. Tegreene of the firm of Benesch, Friedlander, Coplan & Aronoff sent a certified letter to DRC International requesting payment of Susan's security deposit. The receipt card was signed by two

individuals with two dates on the return slip, January 12, 1990 and January 16, 1990.

Susan filed a lawsuit in March 1990, against DRC seeking a judgment in the amount of her security deposit. DRC did not appear in the first hearing and default judgment was granted against it by the referee. DRC filed a motion for a stay of execution, which was granted. A hearing date was set for August 30, 1990, before a referee.

At the conclusion of the hearing, the referee ruled against DRC in the amount of $1,000, plus ten percent interest per annum. The referee's report was reviewed by the court and was approved and adopted. On September 24, 1990, the trial court entered the final judgment against DRC International, in the amount of $1,000, plus interest at ten percent per annum. This cause is before this court on appeal.

### III

■ Appellant's two assignments of error are as follows:

"The trial court erred by granting appellee damages in an amount equal to the security deposit because (1) the appellee failed to comply with the provision of the lease and the Ohio Revised Code requiring written notice of a forwarding address and (2) appellee is not entitled to such damages under Ohio Revised Code Section 5321.16(B)."

We fail to find merit in appellant's contentions, so we affirm. Appellant, in its first assignment of error, argues that since appellee failed to give the appellant her forwarding address in writing, she forfeited her security deposit. Appellant based its argument on R.C. 5321.16(B) and (C), which state in pertinent part:

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

This court held in *Prescott v. Makowski* (1983), 9 Ohio App.3d 155, 9 OBR 221, 458 N.E.2d 1281, syllabus, that:

"A landlord's statutory duty to return any security deposit within thirty days, or within that time to supply his tenant with an itemized list of claimed deductions together with the balance of that deposit, applies when the landlord has actual knowledge of the tenant's subsequent residence, even if the tenant has failed to supply that address in writing. (R.C. 5321.16[B], construed.)"

Our holding in *Prescott* does not stand for the proposition that a notice to the landlord should be handed in person to the landlord in order to constitute actual notice. In *Prescott*, the evidence showed that the landlord had actual knowledge of the tenant's new address. We held that the landlord's actual knowledge of the tenant's forwarding address was sufficient to trigger the landlord's obligation pursuant to R.C. 5321.16(B) and (C), even without a written notice:

"Tenant's written notice of his 'forwarding address or new address' is required by R.C. 5321.16(B), solely to ensure that landlord has some reasonable method to return the security deposit or the balance of the security deposit with an itemized list of the claimed deductions." *Id.* at 156, 9 OBR at 222, 458 N.E.2d at 1283.

Appellant argues that the appellee's notice to its agent was insufficient as a matter of law. We disagree. Appellant cited the lease agreement which required that the appellee send her change of address notice by writing to 14801 Broadway Avenue, Cleveland, Ohio. We notice in the same lease agreement that the tenant was required to send her rent payments to the same address. However, the record was uncontroverted that the tenant gave her rent payments to the custodian. Appellant is not arguing that its custodian did not have the authority to receive notices on its behalf. Appellant's argument is based on the fact that appellee did not follow the lease agreement when she gave notice of her new address to the custodian. Appellant never protested this violation of the lease provision when it received appellee's rent payments from the custodian. Therefore, appellee is estopped from requiring that appellant follow the lease agreement notice procedure after she moved out.

We hold that the notice to appellant's agent (custodian) constitutes actual and sufficient notice to appellant of appellee's new address. Appellant, therefore, was required to follow the mandate of R.C. 5321.16 and itemize any deductions or otherwise refund appellee's security deposit accordingly.

This court explained the consequences of the violation of this statutory provision in *Sherwin v. Cabana Club Apartments* (1980), 70 Ohio App.2d 11, 17, 24 O.O.3d 11, 15, 433 N.E.2d 932, 937, when we held that:

" * * * [T]he landlord's failure to provide a notice containing an itemization of deductions from the security deposit within thirty days of termination of the lease automatically penalizes the landlord in the amount of the security deposit and reasonable attorney's fees, where the tenant brings an action to recover his security deposit under R.C. 5321.16." (Footnote deleted.)

Our holding in *Sherwin* still stands, and appellant's penalty within the provision of R.C. 5321.16 was proper. Appellant's first assignment of error is overruled.

## IV

Appellant, in its second assignment of error, argues that appellee was not entitled to the damages awarded by the trial court. Again, we disagree. The language of R.C. 5321.16(B) is plain on its face. We held in *Sherwin* that "the court has discretion under the statute to award additional damages in the amount of the security deposit." *Id.* at 17, 24 O.O.3d at 15, 433 N.E.2d at 937.

In the instant case, the trial court accepted the referee's recommendation and awarded additional damages in the amount short of the security deposit. No attorney fees were awarded by the trial court as the appellee could have rightfully demanded. We find no error in the award of damages. Appellant's second assignment of error is overruled. The trial court's judgment is affirmed. Further, we would adopt the reasoning set forth in *Breault v. Williamsburg Estates* (Nov. 21, 1986), Lucas App. No. L–86–116, unreported, 1986 WL 13169, and remand the matter to the Shaker Heights Municipal Court for a determination of costs, to include an award for reasonable attorney fees incurred by plaintiff-appellee in defending defendant's appeal.

*Judgment accordingly.*

DYKE, P.J., JAMES D. SWEENEY and HARPER, JJ., concur.