OPINION
Defendant-appellant, Sunchase American Ltd. dba Olde Towne Apartments, appeals a decision of the Middletown Municipal Court finding that appellant breached its lease agreement with plaintiffs-appellees, Shawn Wehrley and Melissa Borders, and awarding appellees damages and attorney fees. The judgment of the trial court is affirmed.
On August 22, 1997, appellees entered into a rental agreement with appellant for the lease of a residential apartment. The lease ran from August 1997 to August 1998 and required appellees to pay monthly rent of $405. At the same time, appellees paid appellant a $200 security deposit.
Shortly after moving into the apartment, appellees made numerous maintenance requests. The major complaints related to problems with the heating and air conditioning units, various plumbing problems, loose tiles in the kitchen, and water leaks in the ceiling and hall. Although appellant made some attempts to rectify the problems, appellees continued to protest the condition of the apartment.
On October 17, 1997, because of the appellees continued, vociferous complaints, appellant served appellees with a "notice to leave the premises." The notice stated that an eviction proceeding would be commenced if appellees failed to vacate the apartment by November 16, 1997. The notice further informed appellees that the reason they were being told to leave was due to the "termination" of the rental agreement. The notice did not specify any more particular reason for the termination.
Appellees began looking for another apartment, but had difficulty locating a suitable home. They looked at or inquired about apartments in Middletown, Dayton, Cincinnati, and northern Kentucky, and eventually rented an apartment at the Eagle Ridge apartment complex in Centerville, Ohio. Their new rent was $590 per month, a $185 per month increase over their previous rent with appellant.
Although appellees moved out of the Olde Towne apartment on November 18, 1997, they did not pay appellant rent for any part of November. On November 12, 1997, appellant presented appellees with a second notice to leave the premises. The notice stated that the reason for the notification was "[n]on-payment of November 1997 rent plus late fees per lease."
Upon their departure, appellees provided appellant with the name and address of their attorney. Approximately a week after they moved, appellees mailed their new forwarding address to appellant. However, the letter was apparently never received by appellant, and appellant neither returned the security deposit, nor provided appellees with an itemized list of deductions from their security deposit.
Appellees subsequently filed suit seeking damages for appellant's failure to return their security deposit and for the increased rent they incurred as a result of having to leave appellant's apartment before the end of the lease term. After a hearing on the matter, the trial court determined that appellees were entitled to $1,665 for their increased rent, the return of the $200 security deposit, and $200 in damages for appellant's wrongful retention of the security deposit. After a separate hearing, the trial court awarded appellees $1,500 in attorney fees. Appellant appeals, raising three assignments of error.
 Assignment of Error No. 1: The trial court erred to the prejudice of Defendant/Appellant in ruling that Defendant/Appellant breached the rental agreement with Plaintiffs/Appellees and awarding to them damages.
Appellant first contends that appellees vacated the apartment voluntarily after receipt of the notice to vacate. Appellant contends that appellees' voluntary vacation of the apartment precludes them from seeking damages from appellant.
An appellate court may not disturb a trial court's award of damages if it is supported by competent and credible evidence. Meachum v. Miller
(1992), 79 Ohio App.3d 35, 40, citing Baum v. Augenstein (1983),10 Ohio App.3d 106. It is well-established that weighing conflicting evidence and making credibility determinations are matters solely within the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
A careful review of the record reveals that the trial court's findings are corroborated by competent and credible evidence. The first thirty-day notice to leave the premises that appellant provided to appellees states only that they are being asked to leave due to the "[t]ermination of rental agreement." Appellant provided no lawful justification for the termination, and the rental agreement does not contain language granting appellant the right to terminate the lease without cause. Although appellant called witnesses who testified that Wehrley was abusive and profane when making maintenance requests, the trial court was in the best position to determine the weight to be given to the testimony.
Based on the evidence presented, the trial court found that appellant breached the rental agreement by unilaterally terminating the agreement without cause. The trial court concluded that appellees were entitled to damages as a result of appellant's breach of the rental agreement. This decision is supported by competent and credible evidence. Accordingly, we find no error in the trial court's determination that appellees were entitled to recover damages from appellant.
Appellant next contends that appellees' failure to pay rent after they received the thirty-day notice to vacate constitutes a breach of the rental agreement. While failure to pay rent may constitute a breach of a rental agreement, appellant had already terminated the agreement by serving appellees with the notice to vacate. Accordingly, appellees' actions could not contravene the rental agreement which had already been terminated by appellant's own actions.
Appellant next contends that appellees' disruptive behavior was a breach of the rental agreement which preceded the October 17, 1997 notice to vacate. Jamie Kennedy, the property manager, Melissa Long, the assistant property manager, and Carl Cox, the maintenance supervisor, testified that Wehrley was difficult to deal with and often used profane language when addressing them. This testimony was countered by the testimony of both appellees.
It was the trial court's role to weigh the testimony presented and to determine the credibility of the witnesses. We will not substitute our judgment for that of the trial court in resolving a conflict in the testimony. Accordingly, we find no error in the trial court's resolution of the conflicting testimony. The trial court's determination that Wehrley's behavior did not constitute a breach of the rental agreement is supported by competent and credible evidence.
Appellant lastly argues that appellees failed to prove by a preponderance of the evidence that they made reasonable attempts to mitigate their damages. Appellant incorrectly contends that appellees had the burden of proof on this issue.
The failure to mitigate damages is an affirmative defense. Young v.Frank's Nursery Crafts, Inc. (1991), 58 Ohio St.3d 242, 244; State exrel. Martin v. Columbus Dept. of Health (1979), 58 Ohio St.2d 261, 265. Thus, appellant has the burden to prove that appellees failed to mitigate damages. See Mers v. Dispatch Printing Co. (1988), 39 Ohio App.3d 99,104; Jones v. Consolidated Rail Corp. (C.A.6, 1986), 800 F.2d 590, 593.
In order to prove that appellees failed to mitigate their damages, appellant was required to establish that appellees failed to use ordinary care and reasonable diligence to offset the damages resulting from the breach of the rental agreement. Foust v. Valleybrook Realty Co. (1988),4 Ohio App.3d 164, 168; Endersby v. Schneppe (1991), 73 Ohio App.3d 212,218. "The rule requiring one injured by wrongful act or omission of another to minimize the damages resulting does not require a party to make extraordinary efforts, or to do what is unreasonable or impracticable. Ordinary and reasonable care, diligence and prudence are the measure of the duty." Foust at 168.
Appellees first requested that appellant move them to an apartment in better repair within the same complex. Appellant, however, declined. After receiving the notice to vacate, appellees visited multiple apartment complexes, but had difficulty finding a comparable apartment. Appellant failed to present evidence to indicate that appellees were not reasonably diligent in their attempts to find a comparable apartment. Accordingly, we find that the trial court did not err by finding that appellees made sufficient efforts to mitigate their damages. The first assignment of error is overruled.
 Assignment of Error No. 2: The trial court erred to the prejudice of Defendant/Appellant in ruling that Defendant/Appellant failed to comply with the requirements of Ohio Revised Code 5321.16 and awarding to Plaintiffs/Appellees damages, including attorneys fees, as a result thereof.
In the second assignment of error, appellant first contends that appellees are not entitled to a refund of their security deposit because they failed to pay rent for the final month during which they occupied the apartment.
Both parties cite Cubbon v. Locker (1982), 5 Ohio App.3d 200, in support of their arguments on this issue. Cubbon is factually dissimilar from the present case, and the general proposition for which Cubbon
stands, that a tenant is not liable for rent after the month of vacation, has been rejected by this court. See Bella Vista Apts. v.Arthon (Dec. 23, 1991), Clermont App. No. CA90-10-106, unreported. The issue presented by appellant in this assignment of error was not reached by the court in Cubbon.
In Bella Vista, the landlord served the tenant with a notice to vacate after the tenant failed to pay rent. The tenant moved out the following month, but did not pay that month's rent either. The tenant argued on appeal that he should not be liable for rent which accrued after the apartment was vacated. This court held that "a tenant who vacates a residential rental premises pursuant to a notice to vacate is responsible for rent until the lease term ends or until the premises are re-let."Bella Vista Apts. v. Arthon at 10. The holding in Bella Vista was based on the premise that the tenant should not be able to terminate his or her obligation under a lease agreement simply by failing to make a rent payment and then complying with the landlord's notice to vacate the premises for the nonpayment.
Applying the same logic to the present case, we find that a landlord likewise should not be able to unilaterally terminate a lease, contrary to both the rental agreement and law, and continue to collect rent from the tenant during the period between the termination of the rental agreement and the time that the tenant vacates the apartment. Neither a landlord nor a tenant can act in contravention of a lease agreement and expect to profit by the improper conduct. Accord Dennis v. Morgan
(2000), 89 Ohio St.3d 417, 420. Accordingly, we find that appellees are not responsible for payment of rent which accrued subsequent to appellant's breach of the rental agreement.
Appellant next argues that appellees are not entitled to the return of their security deposit because they failed to provide a forwarding address for the return of the deposit.
R.C. 5321.16 provides in relevant part:
 Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
Pursuant to this section, landlords are required to either return a tenant's security deposit in full, or provide a tenant with a statement itemizing the deductions made from the deposit. Tenants are required to provide a former landlord with a new address for the return of the security deposit or itemized statement before the landlord's statutory duty is triggered.
In the present case, when appellees vacated the apartment they provided appellant with the name and address of their attorney, indicating that future communication should be directed to him. At trial, the manager of the Olde Towne apartment complex acknowledged receiving the attorney's name and address from appellees. In addition, appellees testified that they mailed their new home address to appellant one week after they moved. However, appellant denies ever receiving this notice.
In any case, appellant neither returned appellees' deposit, nor provided appellees with a statement itemizing the deductions made from the deposit. Appellant contends that a tenant does not comply with R.C.5321.16(B) by providing a landlord with the name and address of an attorney to whom future communication should be directed. Rather, appellant argues that a tenant complies with the requirements of R.C.5321.16(B) only by providing the landlord with the tenant's own forwarding address. Appellant maintains that appellees failed to provide their new mailing address and therefore concludes that no action was necessary on its part to comply with the requirements of R.C. 5321.16(B).
R.C. 5321.16 is a statute which permits substantial compliance as a predicate to its protections. Smitson v. Zeches (Aug. 17, 1993), Franklin App. No. 92-AP-1773, 1993 WL 317243, unreported at *2. Accordingly, where a landlord has a reasonable avenue to contact the former tenant, the landlord's statutory duty under R.C. 5321.16 is triggered. Id. Although the purpose of the statute would be defeated if a burden were placed on the landlord to track down the former tenant, the facts of the present case do not impose such an unreasonable burden upon appellant. Rather, appellant had a reasonable basis to believe that appellees could be contacted through their attorney. It would thwart the purpose of the statute to refuse to give effect to its provisions under such circumstances. Accord id.; Prescott v. Makowski (1983), 9 Ohio App.3d 155;Mahoney v. Abood (Nov. 20, 1992), Lucas App. No. L-92-230, unreported;Bennet v. Huber (Nov. 15, 1984), Franklin App. No. 84AP-268, unreported.
Appellant failed to comply with its statutory duty to provide appellees with a statement of the deductions it was making from their security deposit. Therefore, pursuant to R.C. 5321.16(C), appellees are entitled to recover the amount of their security deposit as well as damages.
Appellant also argues under this assignment of error that the trial court erred by awarding attorney fees to appellees. Appellant contends that appellees had an obligation to call their own expert witness to testify regarding the reasonableness and necessity of the fees in order for the trial court to properly make an award of attorney fees.
Where a court is empowered to award attorney fees by statute, the amount of the award is within the sound discretion of the court. Bittnerv. Tri-County Toyota (1991), 58 Ohio St.3d 143, 146. Unless the amount of fees awarded is so high or so low as to shock the conscience, an appellate court will not interfere. Id. A trial judge, who participated not only in the trial but also in many of the preliminary proceedings leading up to the trial, has an "infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court." Brooks v. HurstBuick-Pontiac-Olds-GMC, Inc. (1985), 23 Ohio App.3d 85, 91.
A trial court's determination of reasonable attorney fees must be based upon the actual value of the necessary services performed, and there must be some evidence which supports the court's determination. In re Hinko
(1992), 84 Ohio App.3d 89. In making the determination, the court must consider multiple factors, including "(1) time and labor, novelty of issues raised, and necessary skill to pursue the course of action; (2) customary fees in the locality for similar legal services; (3) result obtained; and (4) experience, reputation and ability of counsel." Pylev. Pyle (1983), 11 Ohio App.3d 31, 35.
In the present case, appellees presented the trial court with a statement from their attorney reflecting 68.8 hours of work, and $9,288 in fees for the handling of the case. The trial court was also presented with a revised statement which reflected 46.5 hours of work and fees of $6,230.25 solely related to the security deposit issue. Appellees' attorney, Michael Eckert, testified that he had been licensed to practice law in Ohio since 1996, that his usual hourly rate was $125 per hour to $150 per hour, and that his hourly rate in the present case was $135. Appellant called attorney Kevin Kash as an expert witness. He testified that a typical security deposit case required ten to fifteen hours of work and that $135 was a high hourly rate for an attorney with Eckert's experience practicing in Butler County. Kash also testified that the present case could not have been handled in ten hours as it involved a full day trial.
Upon consideration of the evidence presented, the trial court determined that fifteen hours of Eckert's work could properly be attributed to the security deposit claim, and that $100 per hour was a reasonable rate. The trial court accordingly awarded attorney fees of $1,500 to appellees. The trial court's determination is supported by the evidence presented, and we find no abuse of discretion in the award.
Further, we find no authority to support appellant's contention that appellees were required to call an expert witness to counter the testimony of its own expert witness. The trial court properly made the award of attorney fees based on the evidence presented. The second assignment of error is overruled.
 Assignment of Error No. 3: THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN RULING THAT PLAINTIFFS/APPELLEES WERE NOT LIABLE FOR RENT FOR THE CALENDAR MONTH IN WHICH THEY VACATED THE APARTMENT AND THAT PLAINTIFF/APPELLEE WEHRLEY WAS NOT LIABLE FOR THE APPLICATION FEE ON WHICH HE HAD PREVIOUSLY STOPPED PAYMENT.
In this final assignment of error, appellant contends that the trial court erred by finding that appellees were not responsible for rent for the month of November, and by finding that appellees were not responsible for the repayment of an unrelated $25 application fee from 1996 which Wehrley stopped payment on.
App.R. 16(A)(7) requires that an appellant's brief contain the contentions of the appellant with respect to each issue presented for review and the reasons in support of the contentions, with citations of the authorities, statutes, and parts of the record on which appellant relies. This court may disregard an assignment of error if a party fails to argue an assignment of error as required under App.R. 16(A). App.R. 12(A)(2); see, also, State v. Watson (1998), 126 Ohio App.3d 316, 321.
Appellant has failed to support either issue under this assignment of error with any legal authority. Further, the issue of November's rent was fully addressed in our resolution of appellant's first and second assignments of error. As appellant has presented no legal authority in support of this assignment of error, we will not consider it. The third assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.