JOURNAL ENTRY AND OPINION
{¶ 1} K D Group, Inc., Karen M. Harrison and Susan Beck, defendants-appellants, appeal the judgment of the Bedford Municipal Court awarding attorneys fees to Alicia M. Lytle and Charles J. Lytle, plaintiffs-appellees. For the reasons that follow, we affirm.
 {¶ 2} The record before us demonstrates that the Lytles executed a lease for an apartment unit in Warrensville Heights. A security deposit in the amount of $299 was paid to Syndicate Management, Inc. prior to the Lytles starting their tenancy. The property was subsequently purchased by K D Group.
 {¶ 3} The lease agreement provided for discharge of obligations upon 30-days notice. The Lytles provided Beck, K 
D's property manager, with a timely notice of their intent to move. The Lytles further provided Beck with written notice of their forwarding address.
 {¶ 4} After the Lytles gave their notice, K D Group and/or Beck failed to provide them with an itemized statement of deductions relative to their security deposit, and failed to return any portion of the deposit to them. The Lytles contacted Beck three times about the return of their deposit. After being informed the first two times that the deposit would be forthcoming, on the third time, the Lytles were informed by Beck that the deposit would not be returned to them because they broke the lease.
 {¶ 5} The Lytles then spoke with Harrison, the president of K D Group, in an attempt to resolve the matter. Harrison informed the Lytles that no portion of their deposit would be returned. The Lytles thereafter filed a complaint in the Bedford Municipal Court seeking return of their security deposit, damages and attorneys fees pursuant to R.C. 5321.16.
 {¶ 6} The case proceeded to be heard before a magistrate. Appellee Alicia Lytle, an attorney, represented herself and her husband, Appellee Charles Lytle. The magistrate determined that appellants did not provide the Lytles with their security deposit as required by R.C. 5321.16(B). The magistrate further noted that appellants' own statement of the account relative to the Lytles indicated that the Lytles did not breach the lease agreement. The court found that the only amount due and owing appellants from the Lytles was $20, the lease balance as of the date of termination. Accordingly, the magistrate found that appellants wrongfully withheld $279 of the Lytles' security deposit, and ordered that the Lytles were entitled to twice that amount, or $558, pursuant to R.C. 5321.16(C). The magistrate's decision, however, did not award attorneys fees to the Lytles as requested in their complaint and, thus, the Lytles filed a timely objection to the decision.
 {¶ 7} A hearing was held on the Lytles' objection, at which Alicia Lytle continued representing herself and Charles Lytle. The trial court subsequently ruled in favor of the Lytles and awarded them attorneys fees. Appellants now contend that the trial court erred in awarding attorneys fees to the Lytles, arguing that the Lytles were pro se litigants and, thus, not entitled to attorneys fees. We are not persuaded.
 {¶ 8} R.C. 5321.16, governs security deposits, and provides in part as follows:
 {¶ 9} "(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
 {¶ 10} "(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."
 {¶ 11} The issue before this court, whether pro se litigants are entitled to an award of attorneys fees pursuant to R.C.5321.16, appears to be a case of first impression in Ohio. Thus, in resolving this issue, we rely on this court's previous explanation of the purpose of damages, including attorneys fees, pursuant to R.C. 5321.16:
 {¶ 12} "* * * damages afforded by R.C. 5321.16 `serve to compensate injured tenants * * * for the time and inconvenience [as well as cost] of having to sue for the recovery of money wrongfully withheld. In addition, the possibility of double damages [including attorney fees] creates an incentive for landlords to comply with the law.'" Buck v. Georgian ManorInvestments (Mar. 30, 1995), Cuyahoga App. No. 67170, quotingKlemas v. Flynn (1993), 66 Ohio St.3d 249, 251, 611 N.E.2d 810.
 {¶ 13} As it has held in other areas where attorneys fees are to be awarded, the Supreme Court of Ohio has held in the landlord/tenant context that an award of attorneys fees is within the sound discretion of the trial court and shall not be reversed except upon a finding of abuse of that discretion. Smith v.Padgett (1987), 32 Ohio St.3d 344, 513 N.E.2d 737, paragraph four of the syllabus. Abuse of discretion connotes more than a mere error of law or judgment, it implies an attitude by the trial court which is arbitrary, unreasonable, or unconscionable.Ruwe v. Board of Township Trustees (1987), 29 Ohio St.3d 59,61, 505 N.E.2d 957, 959.
 {¶ 14} We cannot find that the trial court abused its discretion in awarding attorneys fees to the Lytles. Alicia Lytle, as an attorney, represented herself and her husband in this matter. The trial court found, and appellants do not contest, that the Lytles were "injured tenants." As "injured tenants," the Lytles spent time, and consequently were undoubtedly inconvenienced by, prosecuting this matter. As such, the trial court did not abuse its discretion in awarding them attorneys fees.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., concurs.
 Rocco, J., dissents with dissenting opinion.
 DISSENTING OPINION