OPINION
{¶ 1} John W. Davenport, Sr. appeals from the judgment of the Xenia Municipal Court in favor of appellee, Hasan Adams, in the amount of Five Hundred Dollars ($500.00), plus costs and interest from the date of Adams' complaint.
 {¶ 2} This matter began when Adams brought a complaint seeking money damages of $650 from Davenport for his failure to return a security deposit and for unlawfully confiscating certain of his personal property. Davenport counterclaimed seeking $1,165 from Adams for rent and cleanup expenses.
 {¶ 3} The matter was heard before an acting judge who issued the following opinion:
 {¶ 4} "Plaintiff and Defendant entered into a lease agreement in July of 2002 for premises at 28 East Second Street, Xenia, Ohio. On the expiration of the lease, by agreement, the tenancy became a month-to-month arrangement. Plaintiff was, for the most part, a good tenant with few problems for the Defendant other than some occasional late payments of the monthly rent. Eventually, in April and May of 2005, a neighbor began causing problems for the Plaintiff in the apartment building, and Plaintiff repeatedly complained to the Defendant. Finally, Plaintiff gave notice to the Defendant that the conditions had become unbearable and that he would be vacating the premises in early June of 2005. Plaintiff testified that he had a phone conversation with the Defendant in which the Defendant approved of a reduced amount of rent to be charged to Plaintiff for the few days that he would hold over under the June tenancy. Defendant does not recall this conversation. However, the existence of the conversation has no bearing on the outcome of this matter. The Plaintiff further alleges that the Defendant entered the apartment without Plaintiff's knowledge and removed several personal property items, totaling over $200 without Plaintiff's consent. The Defendant denies any knowledge of these items or that they were missing. Plaintiff further established and the Defendant does not seriously contest that the Plaintiff requested the return of his security deposit in the amount of $250. The Defendant concedes that he knew a forwarding address for the Plaintiff and in fact personally observed the Plaintiff residing in an apartment literally around the corner from the Defendant's premises. Defendant did not return the security deposit, however, alleging that certain damages to the rental property essentially resulted in a forfeiting of the security deposit. The Defendant has not provided an itemized list of the damages or expenses to repair them as required by the Ohio Revised Code.
 {¶ 5} "As to the Counterclaim, Defendant acknowledges that the rental agreement for the business storefront at 36 East Second Street, Xenia was with another person and not the Plaintiff. Plaintiff apparently participated in the business operation, but, according to the Defendant, had no rights under the lease agreement. In fact, Defendant points to a provision in the agreement which specifically prohibits subleasing by the original tenant. Nonetheless, after the original tenant vacated the premises, the Defendant continued to accept monthly rent for at least three months from the Plaintiff until the Plaintiff also vacated that premises. At one time, Plaintiff requested a return of the security deposit for the premises, but the Defendant insisted that Plaintiff had no legal rights to the funds or the property. However, Defendant now requests over $1,100 in damages for back rent, cleaning and repair and lost appliances, and alleges that the Plaintiff should be liable for those costs. In fact, Defendant has not even reduced the amount of damages he claims by the security deposit which he retained for this premises.
 {¶ 6} "Ohio Revised Code Section 5321.16(B) requires a landlord to promptly deliver an itemized statement of damages and cost of repairs required for a property when the tenant requests the return of a security deposit. It is undisputed in this case that the Defendant was aware of the forwarding address for the Plaintiff and had actual knowledge in addition of where the Plaintiff was residing. Although the Defendant did submit photographs to the Court in support of his claim that certain damages existed in Plaintiff's apartment, the Defendant had not previously shared these claims or any documentation of the cost of repairs with the Plaintiff. Ohio law holds that the landlord's good faith in retaining a security deposit is immaterial to a claim by a tenant for a wrongful withholding of such a deposit.Smith v. Padgett (1987), 32 Ohio St.3d 344. Ohio Revised Code Section 5321.16(C) also requires that for a wrongful withholding of a security deposit, the tenant's damages are statutorily set at an amount equal to the amount of the deposit with is wrongfully withheld. Consequently, Judgment will be awarded for the Plaintiff and against the Defendant for the security deposit itself and the wrongful withholding of the security deposit for a total amount of $500.
 {¶ 7} "However, Plaintiff's other claims for lost personal property items must fail as he has failed to carry his burden of proof on those issues. Specifically, Plaintiff has not provided any documentation of his ownership interest or of the existence of the particular items claimed at the time Defendant entered the apartment. Moreover, Plaintiff has not carried his burden of proof that Defendant is any way responsible for the missing items. Additionally, Plaintiff has not established the value of the items that he claims are missing. As a result, the remainder of Plaintiff's claim for damages will be denied.
 {¶ 8} "As to the Counterclaim by the Defendant against the Plaintiff, the Court finds that the Defendant has failed to carry his burden of proof on this matter. Specifically, Defendant himself admits that the original lease prohibited an individual from subletting the premises. Relying on this provision, the Defendant refused to return the original security deposit on this premises to the Plaintiff. Still, Defendant now asserts that because he permitted the Plaintiff to continue to occupy the premises without any legal stake in the property that the Plaintiff is now responsible for certain unpaid rent and damages that may or may not be attributable to the original tenant. Under these conditions, the Court finds the Defendant's Counterclaim to be without merit and hereby dismisses it.
 {¶ 9} "In light of all the foregoing, Judgment is hereby entered for the Plaintiff against the Defendant in the amount of $500, plus court costs and interest at the statutory rate, from the date of the filing of Plaintiff's Complaint, which is June 23, 2005."
 {¶ 10} Davenport has filed a brief which fails to comply with the appellate rules in that no assignment of error is set out in the brief. We will assume Davenport is claiming that the judgment below is against the manifest weight of the evidence. Davenport argues that he should not have been required to return the $250 security deposit to Adams because he damaged the rental property beyond normal wear and tear. Davenport contends he was not required to comply with the statutory requirement of providing Adams with an itemized list of damages he had suffered from Adams' tenancy because Adams did not provide him a forwarding address in writing to which the landlord notice could be sent. R.C. 5321.16 provides in pertinent part:
 {¶ 11} "(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. Ifthe tenant fails to provide the landlord with the forwarding ornew address as required, the tenant shall not be entitled todamages or attorney fees under division (C) of this section.(Emphasis added).
 {¶ 12} "(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorney fees."
 {¶ 13} In Prescott v. Makowski (1983), 9 Ohio App.3d 155, at 156, the Eighth District Court of Appeals determined that where a landlord has "actual knowledge" of a tenant's forwarding or new address, the landlord's statutory duty as outlined in R.C.5321.16(B) is triggered. The Prescott court reasoned that the sole purpose of the requirement of written notice of a forwarding address or new address is to ensure that the landlord has a reasonable method of satisfying her obligation under the statute.Id. Prescott was decided prior to the Smith v. Padgett ruling and regarded the issue of an award of "to twice" the withheld rent and attorney fees as discretionary. Id.
 {¶ 14} In two recent cases, Cristal v. DRC International,Inc. (1991), 74 Ohio App.3d 493 and Baron v. Buckner (April 29, 1991), Warren App. No. CA 90-10-071, 1991 WL 69355, two appellate courts recognized that "actual notice" of a tenant's forwarding or new address triggered the damages provision, R.C.5321.16(C). In Cristal, the tenant provided written notice of her forwarding address to the custodian of her apartment building. Although the owner/landlord argued that this method was insufficient for the purpose of R.C. 5321.16(B) and (C), theCristal court disagreed and permitted the trial court's award of damages to stand. Cristal, supra at 4. In Baron, the landlord learned of the tenant's new address by telephoning him. The Twelfth District Court of Appeals, relying on Prescott,supra, found that this was "actual notice" and triggered both the landlord's statutory duty under R.C. 5321.16(B) and the R.C.5321.16(C) damages provision. See, also, Heath v. Burgess (June 15, 1987), Brown App. No. CA 86-12-019, 1987 WL 12730. Contra,Carr v. Ed Stein Realtors (1983), 10 Ohio App.3d 242, 243.
 {¶ 15} The evidence is undisputed that Adams did not provide Davenport with a written notice of where the landlord notice could be sent, but the trial court found that Davenport "knew a forwarding address for the Plaintiff and in fact personally observed the Plaintiff residing in an apartment literally around the corner from the Defendant's premise." Indeed, Davenport admitted that he learned of Adams' new address as early as June 7, 2005. (T. 24.) The complaint filed by Adams on June 23, 2005 also listed Adams' address.
 {¶ 16} We agree that where the evidence establishes that the landlord actually knew of the tenant's forwarding address so that he could comply with his statutory duties pursuant to R.C.5321.16(B), it would thwart the purpose of the statute to refuse to give effect to the penalties section. See also, Mahoney v.Abood (Nov. 20, 1992), Lucas App. No. L-92-230, 1992 WL 337589, and the cases cited therein.
 {¶ 17} If the tenant complies with R.C. 5321.16(B) and the landlord fails to comply with R.C. 5321.16(B), the landlord is not precluded from maintaining an action under R.C. 5321.05 and R.C. 5321.12 for damage to property caused by the tenant.Sherwin v. Cabana Club Apartments (1980), 70 Ohio App.2d 11. Adams admitted he put two holes in the wall of the rental residence which Adams said he intended to fix. (T. 12, 13.) Davenport testified he had to repair the walls for $110, repair door jambs and the door frame for $40 and clean kitchen appliances for $65, and carpet cleaning. The trial court never addressed Davenport's counterclaim for damages to the residence property at 36 East Second Street. The court also did not address Davenport's claim for the June 2005 rent for the 36 East Second Street property. R.C. 5321.17(B) provides that a tenant may terminate or fail to renew a month-to-month tenancy by notice given the other at least 30 days prior to the periodic rental date. Adams admitted he informed Davenport in the middle of May of his intention to move out at the end of the month. Adams testified that Davenport agreed to let him hold over in June for $5 per day in rent. Davenport denies such an agreement was made between them. The trial court did not address this issue. If the court believes Adams' testimony, there may be a waiver of the statutory notice of termination requirement.
 {¶ 18} In summary, the trial court properly awarded Adams $500 on his complaint. This matter is however Remanded to the trial court on Davenport's counterclaim for damages to resolve the unsettled question of damages to the property at 36 East Second Street and the June rent claim. The Judgment of the trial court is Affirmed in part, Reversed in part, and is Remanded for further proceedings.
 a. . . . . . . . . . . .
Wolff, J., and Fain, J., concur.