[Cite as *Jensen v. Blvd. Invests. Ltd.*, 2016-Ohio-5325.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103658**

## KURTIS JENSEN

PLAINTIFF-APPELLEE

vs.

## BOULEVARD INVESTMENTS LTD.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cleveland Heights Municipal Court
Case No. CVI 1500191

**BEFORE:**    McCormack, J., Jones, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**    August 11, 2016

**ATTORNEY FOR APPELLANT**

Ted S. Friedman
32901 Station Street #105
Solon, OH 44139


**ATTORNEY FOR APPELLEE**

Bradley Hull
30195 Chagrin Blvd.
Suite 110 North
Pepper Pike, OH 44124

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant, Boulevard Investments, Ltd., appeals from a judgment of the Cleveland Heights Municipal Court that awarded Boulevard Investment's former tenant, Kurtis Jensen, double damages and attorney fees under R.C. 5321.16 for its failure to return a security deposit to Jensen. After a review of the record and applicable law, we affirm the judgment of the municipal court.

**Procedural Background**

**{¶2}** Jensen ("Tenant" hereafter) rented a unit in a Cleveland Heights apartment owned by Boulevard Investments, Ltd. ("Landlord" hereafter). The lease was for a term of 12 months from July 1, 2013, to June 30, 2014. As part of the lease agreement, Tenant paid Landlord a security deposit of $750, the return of which is the subject matter of this appeal.

**{¶3}** Several months into the lease, the landlord-tenant relationship deteriorated. In November 2013, Tenant filed a complaint against Landlord in the Cuyahoga County Court of Common Pleas, in Cuyahoga C.P. No. CV-13-817919. Tenant claimed a breach of the warranty of habitability, alleging Landlord failed to repair, among other items, a leaking kitchen sink, chipped paint on the ceiling and shower walls, a broken window handle, and a broken bulb in a bathroom heat lamp.[1] On February 5, Landlord

---

[1] Because of the litigation, Tenant filed an application in January 2014 with the Cleveland Heights Municipal Court to deposit two months of rent (M.C. No. LLT14000001). Subsequently, in December 2014, Tenant filed a motion for a return of the rent he had deposited with the court. No objection was lodged by Landlord and the municipal court returned the deposited rent to Tenant.

filed an answer and a counterclaim for unpaid rent for February 2014; Landlord also alleged damages to the premises.

{¶4} Tenant moved out on June 30, 2014, at the end of his lease term, after being notified by Landlord that his lease would not be renewed. A month later, on July 22, 2014, Landlord notified Tenant it would not return his security deposit and provided a list of damaged items to which the security deposit would apply.

{¶5} On September 2, 2014, Tenant requested leave in the common pleas court case to add his security deposit claim to the case. The trial court did not rule on the motion. At the trial scheduled for the case two days later, neither Landlord nor its counsel appeared. Consequently, the common pleas court entered a judgment against Landlord. Landlord appealed that judgment to this court in *Jensen v. Blvd. Invests., Ltd.*, 8th Dist. Cuyahoga No. 102126.

{¶6} While that appeal was pending, on February 24, 2015, Tenant filed the instant case in Cleveland Heights M.C. No. CVI 1500191, for a return of his security deposit. He sought double damages and attorney fees under R.C. 5321.16.

{¶7} Subsequently, on March 5, 2015, the parties reached a settlement in 8th Dist. Cuyahoga No. 102126 and dismissed the appeal. Six weeks after the settlement on the appeal, Landlord filed an answer on April 17, 2015, in the security deposit case and raised a counterclaim for unpaid rent and attorney fees totaling $3,000.

{¶8} After a hearing, a municipal court magistrate decided the case in favor of Tenant. The magistrate first found that the security deposit claim was not barred by res

judicata because at the time Tenant filed his complaint for a breach of the warranty of habitability in the common pleas court, Tenant was still residing in the premises and his claim for the unreturned security deposit had not arisen.

{¶9} After finding Tenant's security deposit claim not barred by res judicata, the magistrate determined that Tenant left the premises in generally good condition, ordinary wear and tear excepted. The magistrate found Tenant not responsible for mold, peeling paint, and a broken storm window, but found a cleaning fee of $75 charged for the stove and oven reasonable. Subtracting the $75 fee from the security deposit, the magistrate found Landlord wrongfully withheld $675 of the security deposit. Pursuant to R.C. 5321.16, which requires double damages and attorney fees when a landlord wrongfully withholds a security deposit, the magistrate awarded Tenant the statutory double damages in the amount of $1,350, plus attorney fees.

{¶10} Landlord filed objections to the magistrate's decision, which objections were overruled by the court. On appeal, Landlord raises two assignments of error:

1. The Trial Court erred when it concluded that Appellee's claim for the failure to return his security deposit was not barred by the Doctrine of Res Judicata.

2. The Trial Court erred when it awarded Appellee double damages and attorney fees pursuant to R.C. 5321.16.

{¶11} A civil judgment that is "supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as

being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

**Res Judicata**

{¶12}     Under the first assignment of error, Landlord claims the security deposit matter was barred by res judicata.     The claim lacks merit.

{¶13} Under the doctrine of res judicata, "'[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'"   *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 5, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.   An existing final judgment between the parties to litigation is conclusive as to all claims that were or might have been litigated in a first lawsuit.   *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).   Four elements must be met in order for the doctrine of res judicata to apply:   "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence."   *Reasoner v. Columbus*, 10th Dist. Franklin No. 04AP-800, 2005-Ohio-468, ¶ 5, citing *Grava* at 381-382.

{¶14} Here, regardless of whether Tenant's R.C. 5321.26 claim for a return of the security of deposit arose "out of the same transaction or occurrence" as his claim of a breach of the warranty of habitability, the R.C. 5321.26 claim had not arisen at the time

he filed the common pleas court case in November 2013 — that claim did not exist until July 22, 2014, eight months after the common pleas court case was filed, when Landlord notified Tenant his security deposit would not be returned. Although Tenant sought permission from the common pleas court to have this newly existing claim adjudicated together with his claim of breach of warranty of habitability, the court did not grant Tenant's motion to amend his complaint, and it was not required to do so. *Patterson v. V&M Auto Body*, 63 Ohio St.3d 573, 589 N.E.2d 1306 (1992) (it is within the trial court's discretion to grant a motion to amend a complaint). As Tenant was unable to add the security deposit claim to its complaint, the security deposit matter could not be and was not litigated in the prior case. Therefore, the municipal court was correct that Tenant's security deposit claim was not precluded by res judicata. The first assignment of error is without merit.

**The Forwarding Address Requirement for a Return of Security Deposit**

{¶15} Under the second assignment of error, Landlord argues the trial court erred in awarding Tenant double damages and attorney fees under R.C. 5321.16. Landlord claims Tenant did not provide Landlord in writing a forwarding address as required by the statute.

{¶16} R.C. 5321.16(B) states:

Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the Tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written

notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The *Tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent.* If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

(Emphasis added.)

{¶17} Furthermore, under R.C. 5321.16(C), a landlord who wrongfully withholds a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees. *See Smith v. Padgett*, 32 Ohio St.3d 344, 349, 513 N.E.2d 737 (1987).

{¶18} The double damages afforded by R.C. 5321.16 serves to compensate injured tenants for the time, inconvenience, and cost of having to sue for the recovery of money wrongfully withheld. *Lytle v. K&D Group, Inc.*, 8th Dist. Cuyahoga No. 84889, 2005-Ohio-4310, ¶ 12. The possibility of double damages and attorney fees creates an incentive for a landlord to comply with the law. *Id.*

{¶19} Accordingly, although the statute requires a tenant to provide the landlord in writing a forwarding address, for equity's sake, the courts have avoided a hypertechnical application of the statute. Instead, the courts have considered R.C. 5321.16 as a statute permitting "substantial compliance as a predicate to its protections." *Wehrley v. Sunchase Am., Ltd.*, 12th Dist. Butler No. CA99-11-191, 2001 Ohio App. LEXIS 256, 13 (Jan. 29, 2001), citing *Smitson v. Zeches*, 10th Dist. Franklin No. 92AP-1773, 1993 Ohio App. LEXIS 4036, 2 (Aug. 17, 1993). A tenant's written notice of his or her

forwarding address is required by R.C. 5321.16(B) "solely to ensure that landlord has some reasonable method to return the security deposit." *Prescott v. Makowski*, 9 Ohio App.3d 155, 156, 458 N.E.2d 1281 (8th Dist.1983). "The purpose of requiring written notice is not to be hypertechnical but, instead, to create certainty." *McGowan v. DM Group IX*, 7 Ohio App.3d 349, 352, 455 N.E.2d 1052 (10th Dist.1982).

{¶20} Therefore, "where a landlord has a reasonable avenue to contact the former tenant, the landlord's statutory duty under R.C. 5321.16 is triggered." *Wehrley* at 3. Under the existing liberal construction of the statute, the courts have held that the forwarding address requirement is met and the court must give effect to the penalties section in R.C. 5321.16(C) where the landlord has actual knowledge of the tenant's new address such that compliance with the landlord's duties pursuant to R.C. 5321.16(B) is possible. *Prescott* at 156; *Adams v. Davenport*, 2d Dist. Greene No. 2005-CA-108, 2006-Ohio-4646; *Mahoney v. Abood*, 6th Dist. Lucas No. L-92-230, 1992 Ohio App. LEXIS 5873 (Nov. 20, 1992). The courts have also held that a landlord had sufficient notice of a tenant's new address where the notice is given to a third party who has acted as the landlord's agent. *Ridenour v. Neufer*, 64 Ohio App.3d 453, 454, 581 N.E.2d 1152 (9th Dist.1989); *see also Cristal v. DRC Internatl., Inc.*, 74 Ohio App.3d 493, 599 N.E.2d 706 (8th Dist.1991).

{¶21} Here, on July 22, 2014, while the common pleas court case was pending, Landlord sent a letter to Tenant, by way of electronic mail to Tenant's counsel, informing Tenant that his security deposit would not be returned. The magistrate found that,

although no forwarding address was provided in writing by Tenant, the forwarding address requirement was met because Tenant was represented by counsel, whose contact information was known to and utilized by the Landlord. We agree.

**{¶22}** The facts of the instant case are similar to *Wehrley*. In that case, the landlord did not receive a forwarding address in writing but the tenant provided the landlord with the name and address of the tenant's attorney. The Twelfth District recognized the purpose of the statute would be defeated if a burden was imposed on a landlord to track down the former tenant; however, as the court reasoned, where the landlord had a reasonable basis to believe that the tenant could be contacted through the tenant's attorney, it would thwart the purpose of the statute to refuse to give effect to its provisions. *Wehrley*, 12th Dist. Butler No. CA99-11-191, 2001 Ohio App. LEXIS 256 at 13.

**{¶23}** Similarly here, Tenant was represented by counsel in the pending common pleas case when Tenant vacated the premises in June 2014. In fact, Landlord informed Tenant that his security deposit would not be returned through electronic mail sent to Tenant's counsel. Thus, Landlord had a reasonable avenue to contact Tenant to return his security deposit. Under these circumstances, the trial court properly gave effect to the provisions of R.C. 5321.16 and awarded double damages and attorney fees, after determining that a portion of Tenant's security deposit had been wrongfully withheld.

**{¶24}** The municipal court's judgment is supported by competent, credible evidence from the record. The second assignment of error is without merit.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR