DWORK, APPELLANT, *v.* OFFENBERG, APPELLEE.

(No. 79AP-118—Decided June 26, 1979.)

*Mr. Stuart D. Dwork,* pro se.
*Mr. John H. Offenberg,* pro se.

McCORMAC, J.   On August 15, 1978, plaintiff-appellant, Stuart D. Dwork, vacated the premises which he had rented from defendant-appellee, John H. Offenberg, and provided defendant a new address in accordance with the provisions of R. C. 5321.16. Plaintiff's security deposit of $170 was in possession of defendant at that time. By letter dated August 16, 1978, defendant notified plaintiff of certain damages to the premises due to his occupancy, however, without any specific itemization, thereof. After the parties were unable to resolve the matter themselves, plaintiff commenced suit in the Franklin County Municipal Court, Small Claims Division, to recover double the amount of his $170 deposit—$340.

The case was set for hearing before a court referee. Both parties appeared with witnesses. At that time, defendant submitted a defensive counterclaim, or setoff, in the amount of $132.79. Plaintiff objected to the submission of the defensive counterclaim on the basis that he had received no previous notice, but he did not request a continuance. After a hearing before the referee, the referee found that the landlord had failed to itemize deductions from the security deposit as re-

quired by R. C. 5321.16(B), and that the landlord had wrongfully withheld $37.21 of the $170 security deposit. Defendant's claim was sustained, and the referee found that the landlord had proved damages to his premises caused by plaintiff's occupancy in the amount of $132.79. The referee recommended that judgment be entered in the amount of double the amount wrongfully withheld or $74.42, plus costs and interests.

The trial court overruled objections to the referee's report and entered judgment accordingly.

Plaintiff has appealed, setting forth the following assignments of error:

"I. The trial court erred in allowing a counterclaim without prior notice and filing.

"II. The trial court erred in allowing a counterclaim that was waived by operation of law."

The first issue is whether the trial court abused its discretion in proceeding to hear defendant's defensive counterclaim that was filed on the day that plaintiff's complaint in Franklin County Municipal Court, Small Claims Division, was heard.

The trial court did not abuse its discretion. There was no request for a continuance, and plaintiff voluntarily proceeded with trial of the entire claim. The counterclaim, which was one in the nature of a setoff or defense, was one of which plaintiff was aware from previous correspondence with the landlord.

Plaintiff's first assignment of error is overruled.

Plaintiff next contends that since defendant failed to itemize deductions from the security deposit and give a written notice to plaintiff of the amount due within thirty days after delivery of possession, defendant is precluded from asserting these damages thereafter.

That contention is not well taken. R. C. 5321.16(C) provides as follows:

"If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

As this court has previously held on several occasions, *e.g.*, *Green* v. *Northwood Terrace Apartments* (Franklin Co. Ct. of Appeals No. 78AP-580, March 20, 1979), unreported, "the amount wrongfully withheld is the amount found owing from

the landlord to the tenant over and above any deductions that the landlord may lawfully make." *Id.* Thus, failure to comply with R. C. 5321.16(B) and to provide the tenant with a list of itemized deductions renders the landlord liable for double damages only as to the amount wrongfully withheld and not as to the entire amount of the security deposit.

Plaintiff's second assignment of error is overruled.

Plaintiff's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and MOYER, J., concur.