FORQUER ET AL., APPELLANTS, *v.* COLONY CLUB ET AL., APPELLEES.

(No. 84AP-1066 — Decided September 26, 1985.)

*R. Casey Barach,* for appellants.
*Henry W. Eckhart,* for appellees.

WHITESIDE, J. Plaintiffs-appellants, M. William and Mariam Forquer, appeal

from a judgment of the Franklin County Municipal Court and ) raise two assignments of error as follows:

"I. The trial court erred in awarding plaintiffs $1.00 for defendant's violation of O.R.C. § 5321.16.

"II. The trial court erred in its determination of O.R.C. § 5321.16 reasonable attorney fees."

The essential evidence was stipulated at trial, namely, that plaintiffs rented an apartment from defendant-appellee, John Richard Greer, owner of Colony Club Apartments, from May 7, 1981 to February 6, 1984, that plaintiffs paid rent in full, caused no damage to the apartment and provided a forwarding address to defendants prior to termination of the tenancy, but that defendants did not return plaintiffs' security deposit within thirty days after termination of the rental agreement.

Defendants contested this action upon the ground that the actual amount due had been paid, apparently under an accord and satisfaction defense. Defendants also contended that statutory damages should not be assessed since their failure to make timely payment of the security deposit was a result of an oversight or inadvertence, rather than intention. The trial court found against defendants and in favor of plaintiffs upon the merits as to liability. Defendants have not contested the liability determination upon appeal, not having appealed therefrom. Thus, the sole issue before us involves the damages awarded by the trial court. The trial court did not award statutory damages but, instead, awarded only the nominal amount of one dollar as damages. In addition, the trial court awarded $250 in attorney fees, despite evidence by plaintiffs that their attorney fees exceeded $1,500.

Defendants contend, and the trial court apparently found that, since the word "may" is used in R.C. 5321.16(C), a discretion is conferred upon the trial court as to whether or not to award the statutory damages. R.C. 5321.16(B) requires the landlord to return the security deposit to a tenant within thirty days after termination of the rental agreement and delivery of possession. R.C. 5321.16(C) provides that: "If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorney fees." Clearly, no discretion is vested in the trial court with respect to the amount of damages a tenant may recover, the statute specifically designating the amount of damages to be "an amount equal to the amount wrongfully withheld." The word "may" is not utilized in this statute in a manner of giving discretion to the trial court, but, rather, in the sense of giving a right to the tenant. To the extent that the word is discretionary, rather than mandatory, the discretion is vested in the tenant, not the court. We find no discretion vested in a trial court as to the amount of damages to be awarded pursuant to R.C. 5321.16(C), the amount being clearly specified in the statute as being "an amount equal to the amount wrongfully withheld."

The trial court in this case refused to award the statutory damages upon the ground that there was only a "technical violation" of the statute. Although the statute refers to the amount "wrongfully withheld," the duration of the withholding is not significant if payment not be made within the thirty-day period specified by the statute. Where the landlord fails to refund the security deposit within the thirty-day period after termination as mandated by the statute, the money is wrongfully withheld within the contemplation of R.C. 5321.16(C). See *Berlinger* v. *Suburban Apt. Mgmt. Co.* (1982), 7 Ohio App. 3d 122; *Sherwin* v. *Cabana Club Apart-*

*ments* (1980), 70 Ohio App. 2d 11 [24 O.O.3d 11]; and *Dwork* v. *Offenberg* (1979), 66 Ohio App. 2d 14 [20 O.O.3d 36].

Defendants' contention that they withheld the payment because of oversight, rather than intent, does not relieve them of the duty to make timely payment, together with liability for the statutory penalty for failing to do so. One of the purposes of R.C. 5321.16(C) is to remove any obligation of the tenant to prove bad faith or improper motive on the part of the landlord. Thus, the landlord's motive in failing to make a timely refund of a security deposit as required by R.C. 5321.16(B) does not affect his liability for the statutory penalty provided by R.C. 5321.16(C) if the security deposit is not timely refunded. The landlord may, however, relieve himself of responsibility for attorney fees if the failure to make timely payment of the security deposit is a result of oversight, and he immediately, upon learning of the oversight, makes payment both of the amount wrongly withheld because of the oversight and the statutory penalty of an amount equal to the amount so wrongfully withheld. Here, defendants attempted to avoid their statutory obligation to pay double the amount of the security deposit if it not be timely refunded, which resulted in this litigation, which defendants vigorously defended. The first assignment of error is well-taken.

By the second assignment of error, plaintiffs contend that the trial court erred as to the amount of attorney fees awarded. Unlike the amount of damages for wrongful withholding of a security deposit, the amount of attorney fees to be awarded in collecting the security deposit and damages is a matter lying within the sound discretion of the trial court predicated upon evidence adduced by the parties. Here, the trial court awarded only $250 as attorney fees, indicating the amount to be determined upon "consideration of the ultimate result in the case, the amount of the original claim, the hours spent during actual trial of this case and necessary depositions that the Court regards as appropriate for the purpose of a lawsuit." Although the trial court was not required to award the entire $1,756.25 sought as attorney fees, the amount awarded, $250, bears no reasonable relationship to the factors which the trial court indicated it considered in determining the amount of the attorney fees awarded.

On the other hand, the trial court did not refer to any of the enumerated time spent by plaintiffs to be inappropriate in connection with the litigation. Nor did the trial court find the hourly rate charged by plaintiffs' attorney to be excessive. Plaintiffs' attorney contended that he spent over twenty hours prior to trial and two hours during trial in connection with presenting the case, which was made more complicated by the defense asserted by defendants. In addition, defendants took depositions of plaintiffs and resisted a motion for summary judgment filed by plaintiffs, which the trial court unfortunately overruled.

Nevertheless, predicated upon the trial court's finding for plaintiffs upon the question of liability, plaintiffs are entitled to recover reasonable attorney fees both in asserting their claim and in defending against the defense interposed by defendants, which necessarily increased the amount of legal services necessary in presenting the case since the trial court found the defense not to be meritorious, and defendants have not appealed from that determination. To this extent, the second assignment of error is well-taken. Accordingly, although the error as to the amount of damages may be corrected without further evidentiary consideration by the trial court, the error as to the amount of attorney fees requires further consideration by the trial court, although not

necessarily a complete new trial upon the issue.

For the foregoing reasons, both assignments of error are sustained, and the judgment of the Franklin County Municipal Court is affirmed upon the issue of liability, but is reversed upon the issue of damages; and this cause is remanded to that court with instructions to award damages to plaintiffs in the amount mandated by R.C. 5321.16(C), together with reasonable attorney fees as may be determined by the trial court, and for such further proceedings as may be in accordance with law consistent with this opinion.

*Judgment affirmed in part, reversed in part and cause remanded with instructions.*

MOYER and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.