**McGregor v. Armeni**
*[Cite as 8 AOA 536]*

*Case No. 89AP-1500*
*Franklin County, (10th)*
*Decided November 20, 1990*

*Richard F. Heil, Jr., Martin, Brown, Hull & Harper, for Appellee.*

*Garald L. Newbold, for Appellant.*

BOWMAN, J.

In July 1988, Ross McGregor made an application with appellant, Joseph Armeni, to lease an apartment. After numerous conversations with Ross and with Ross's father, appellee, John C. McGregor, Jr., appellant agreed to rent an apartment to Ross McGregor. The parties agreed that Ross would pay rent of $465 per month and that the lease would commence in August 1988. Thereafter, Julie McGregor wrote a check to A.J. Properties in the amount of $465. When Ross delivered the check to appellant, he executed a document entitled "security deposit." Appellant then sent a lease to appellee to sign and return; however, the lease was never signed.

On August 3, 1988, appellee telephoned appellant and informed him that they would not be renting the apartment. On August 25, 1988, appellant sent Ross a letter which stated:

"As per our phone conversation with you and your father, I will terminate my lease with you on 446 West Third Ave. As per our agreement I will retain your security deposit as damages. ***"

After August 3, 1988, appellee telephoned appellant on numerous occasions requesting a refund of the security deposit; however, appellant did not respond to any of the tele-

phone calls. On September 8, 1988, appellee sent appellant a written request for return of the security deposit by certified mail; however, the letter was unclaimed. It was redelivered by ordinary mail on October 6, 1988.

Because appellee received no response to his written notices for return of the security deposit, he filed this action on October 26, 1988 to recover double the amount of the security deposit, reasonable attorney fees, and costs. Appellant filed a timely answer; however, on February 23, 1989, appellant filed a request for leave to amend his answer, and this request was denied by entry dated March 29, 1989.

On May 24, 1989, appellee filed a motion for summary judgment. Attached to the motion for summary judgment was an assignment executed by Ross W. McGregor, Steve McGregor and Julie B. McGregor, on April 21, 1989, which states:

"In consideration of Four Hundred Sixty-Five and No/100 Dollars ($465.00) and other good and valuable consideration, with intent to be legally bound, the undersigned hereby assign to John C. McGregor, Jr. all of our right, title, and interest in and to our cause of action against Joe Armeni dba A. J. Properties, for failure to properly refund a residential rental security deposit arising out of the proposed rental and/or rental of the premises known as 446 W. Third Avenue, Apartment D, Columbus, Ohio, with full right to maintain an action thereon and to settle, compromise, or reassign such cause of action and to give a release in my name and full discharge of the liability thereunder."

On June 7, 1989, appellant filed his motion for summary judgment. By entry dated July 10, 1989, the trial court overruled appellant's motion for summary judgment and granted appellee's motion for summary judgment. The court then set a hearing limited solely to the award of attorney fees for appellee.

By entry filed November 8, 1989, the trial court called the case for a motion hearing and ordered the parties to submit an affidavit, exhibits and memoranda concerning the motion for attorney fees and damages. After a review of the memoranda, the trial court held that appellee was entitled to double damages against appellant in the amount of $806, and attorney fees in the amount of $5,809.76 with interest of ten percent per annum from the date of the judgment entry. Appellant now brings this appeal and asserts the following assignments of error:

*"FIRST ASSIGNMENT OF ERROR*
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO ALLOW AMENDMENT OF DEFENDANT'S ANSWER.

*"SECOND ASSIGNMENT OF ERROR*
"THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT VIOLATED THE PROVISIONS OF OHIO'S LANDLORD TENANT ACT REGARDING THE RETURN OF SECURITY DEPOSITS AND ERRED IN GRANTING SUMMARY JUDGMENT ON THIS ISSUE.

*"THIRD ASSIGNMENT OF ERROR*
"THE TRIAL COURT ERRED IN AWARDING EXCESSIVE ATTORNEY'S FEES TO PREVAILING PARTY.

*"FOURTH ASSIGNMENT OF ERROR*
"THE TRIAL COURT ERRED IN ALLOWING ATTORNEY'S FEES TO ONE OTHER THAN THE TENANT HEREIN WHERE AN ASSIGNMENT OF THIS RIGHT IS NEITHER EFFECTED, ATTEMPTED, NOR POSSIBLE."

In his first assignment of error, appellant asserts that the trial court erred and abused its discretion when it refused to allow him to amend his answer to appellee's complaint. Appellant asserts that his original answer erroneously admitted the allegations of paragraph two of the complaint and that, when he realized that paragraph two contained two separate factual allegations, he filed a request for leave to amend his answer. The request to amend was made two months after his original answer had been filed and prior to the case being set for trial. On March 29, 1989, the trial court, without any explanation, denied appellant's motion for leave to amend his answer.

Civ. R. 15(A) provides:

"*** A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may

amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. ***."

In *Hoover v. Sumlin* (1984), 12 Ohio St. 3d 1, the court held that the decision whether or not to grant a motion for leave to amend a pleading under Civ. R. 15(A) rests within the discretion of the trial court; however, the language of Civ. R. 15(A) favors a liberal amendment policy, and a motion for leave to amend should be granted absent a finding of bad faith, undue delay, or undue prejudice to the opposing party. The court stated where a motion is tendered timely and in good faith, and no reason is apparent or disclosed for denying leave, the denial of leave to file an amended pleading is an abuse of discretion. In *Peterson v. Teodosio* (1973), 34 Ohio St. 2d 161, the court held that it was an abuse of discretion for a court to deny a timely filed motion seeking to amend a pleading. The court also stated that a liberal amendment policy is within the spirit of the civil rules which prefers a resolution of cases on their merits and not on pleading deficiencies. See, also, *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St. 3d 179.

In the case at bar, appellant moved for leave to amend his answer when he discovered that paragraph two of the complaint contained two separate factual allegations which he initially admitted so that he could add the defense that appellee had no standing to bring the lawsuit because there was no privity of contract between the parties. The trial court gave no reason for denying appellant's motion and, because the case had not been set for a pretrial hearing, had not been set for trial and discovery was just beginning, there appears to be no valid reason for the trial court's decision. Appellant's motion to amend was not done in bad faith, and granting the motion would not have caused undue delay. In addition, appellee would not have been prejudiced by appellant's amending his answer. See *Hambleton, supra.* The trial court abused its discretion in not permitting appellant to amend his answer, and appellant's first assignment of error is well-taken.

In his second assignment of error, appellant asserts that the trial court erred in granting summary judgment and in finding that appellant violated the provisions of Ohio's Landlord Tenant Act regarding the return of security deposits.

Summary judgment is proper if there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64.

This court finds that the trial court erred in granting summary judgment in this case. The evidence shows that both Ross McGregor and appellant executed a document entitled "security deposit" which states:

"Landlord acknowledges receipt of $465.00 as a security deposit on 446 W. Third Ave. Apt. D., Columbus, Ohio from Ross McGregor. Landlord agrees not to continue to show apartment for rent and tenant agrees that the security deposit is nonrefundable in the event tenant does not occupy unit."

. The evidence also shows that $465 which appellant acknowledges receiving was a $465 check made payable to A.J. Properties, written by Julie B. McGregor, which states in the memo portion that the check is a security deposit for Ross and Steve McGregor. There is also a rental agreement which was not executed by anyone which states:

"This Agreement, made and entered on this 29 day of JULY, 1988, between Ross & John C. McGregor, hereafter called TENANT, and A.J. Properties, hereafter called OWNER."

Consequently, there is a genuine issue of material fact as to whether or not the parties entered into a lease agreement, or whether the document entitled security deposit is a contract between Ross McGregor and appellant to make a lease agreement. There is also a question of fact as to who actually entered into any of these alleged agreements since, on April 21, 1989, eight months after it was determined that Ross McGregor would not be renting appellant's property, Ross, Steve and Julie McGregor assigned their interest in the cause of action against appellant to appellee.

This assignment was also made six months after the case was initially filed. Accordingly, because there are genuine issues of material fact in dispute, the trial court erred in granting summary judgment to appellee, and appellant's second assignment of error is well-taken.

Appellant's third and fourth assignments of error are related and will be considered together. In these assignments of error, appellant asserts that the trial court erred in awarding excessive attorney fees to the prevailing party, and in awarding the attorney fees to someone other than the tenant.

R.C. 5321.16(C) states that, if the landlord fails to comply with R.C. 5321.16(B), the tenant may recover the property and money due him, along with damages in an amount equal to the amount wrongfully withheld, as well as reasonable attorney fees. The amount of attorney fees to be awarded in collecting the security deposit and damages pursuant to R.C. 5321.16(C) is a matter lying within the sound discretion of the trial court predicated upon the evidence adduced by the parties. *Forquer v. Colony Club* (1985), 26 Ohio App. 3d 178. In *Smith v. Padgett* (1987), 32 Ohio St. 3d 344, the court held, at paragraph four of the syllabus:

"If the trial court finds that a landlord has wrongfully withheld a portion of the tenant's security deposit, it shall determine the amount of reasonable attorney fees to be awarded on the basis of the evidence presented. Although such determination shall not be reversed except upon abuse of discretion, the award must relate solely to the fee's attributable to the tenant's security deposit claim under R.C. 5321.16."

The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Beacon Journal Pub. Co. v. Stow* (1986), 25 Ohio St. 3d 347.

In this case, the trial court awarded attorney fees in the amount of $5,809.76, plus interest at ten percent per annum from the date of the judgment entry. This court finds that an award of attorney fees in that amount in order to recover a $465 security deposit is excessive and is unconscionable.

The Code of Professional Responsibility provides that the attorney fees must be reasonable considering the result obtained.

Appellee's counsel could not have reasonably charged his clients $5,809.76 for a net final judgment in the amount of $403, regardless of their industry and good intentions. As Justice Wright stated in his concurring opinion in *Smith, supra,* at 350:

"*** I write separately to emphasize that R.C. 5321.16(C) specifically provides that an award of attorney fees must be 'reasonable.' In my view the term 'reasonable' not only encompasses a determination by the trial court regarding the complexity of the case, the number of hours necessary to prepare the action and whether the fee is commensurate with other legal fees charged in the community but, in addition, the trial court should consider the amount wrongfully withheld by the landlord and the relation it bears to the total deposit supplied by the tenant.

"For instance, an award of attorney fees of one thousand dollars for having recovered ten dollars which is wrongfully withheld from a four hundred dollar deposit would constitute an absured result in, contravention of well-established rules of statutory construction. *State, ex rel. Haines, v. Rhodes* (1958), 168 Ohio St. 165, 5 O.O. 2d 467, 151 N.E. 2d 716, paragraph two of the syllabus.

"This precise point was articulated ny the Supreme Court of Minnesota in *Asp v. O'Brien* (1979), 277 N.W. 2d 382, 385, wherein it was noted that even though neither the number of hours nor the amount billed per hour was excessive, '*** we are not inclined to allow the award of the full amount [of fees], particularly where the amount recovered is small in comparison to the attorney's fees assessed.'

"The operative word governing attorney fees under R.C. 5321.16(C) is that the award be 'reasonable' and, as such, trial courts should consider the amount wrongfully withheld by the landlord and the relation such amount bears to the deposit supplied by the tenant as but one factor when making such awards."

Consequently, this court finds that the trial court abused its discretion in awarding excessive attorney fees to appellee. In addition, R.C. 5321.16(C) provides that a *tenant* may recover damages and reasonable attorney fees. In this case, based on our disposition of appellant's second assignment of error, there is a question of fact whether or not there is a tenant in this case since it is unclear whether

or not there is in fact a lease, or if there is merely a contract to make a lease. In addition, if there is a lease, it must be determined who is the tenant who might be entitled to receive attorney fees. Accordingly, appellant's third and fourth assignments of error are well-taken.

For the foregoing reasons, appellant's four assignments of error are sustained, the judgment of the trial court is reversed and this cause is remanded to the trial court.

*Judgment reversed and cause remanded.*

BRYANT and HAYES, J.J., concur.

HAYES, J., of the Portage County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.