OPINION
{¶ 1} Defendant-appellant, Travis G. Stange ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a complaint for divorce filed by plaintiff-appellee, Linda M. Fields ("appellee"). For the reasons that follow, we affirm.
 {¶ 2} The procedural history of this case is as follows. On July 25, 2002, appellee filed a complaint seeking a divorce from appellant. The same day, the court granted a motion by appellee to appoint a special process server. On July 26, 2002, the process server attempted to serve appellant at a Reynoldsburg, Ohio address. The return of service states a copy of the pleadings was "left on premises per Travis Stange" on August 14, 2002. At appellee's request, on August 19, 2002, the clerk of courts attempted to serve appellant by certified mail at a Grove City, Ohio address. The postal service attempted to complete service on August 20, August 29, and September 4, 2002, but it was returned to the clerk of courts marked "unclaimed."
 {¶ 3} On September 5, 2002, appellee filed an affidavit for service by publication, which was completed on October 16, 2002. Trial was then scheduled for December 17, 2002, at 9:00 a.m. On October 28, 2002, the clerk of courts mailed a notice of the trial date to appellee at the Grove City address. The notice was not returned by the postal service.
 {¶ 4} The day of trial, appellee was present with counsel. Appellant did not appear. The record shows that the trial court heard evidence and journalized a judgment entry granting appellee a decree of divorce later that day. Appellant, appearing pro se, has timely filed a notice of appeal.
 {¶ 5} Appellant sets forth three assignments of error for our review:[1]
I. Whether the plaintiff-appellee perfected service upon the defendant-appellant?
II. Whether the court committed reversible error in basing its final ruling on facts irrelevant to the case and existing wholly outside the record?
III. Whether the court committed reversible error in failing to grant a continuance to allow the hospitalized defendant to make appearance in the instant matter?
 {¶ 6} Initially, we note that appellant begins his brief with a "prayer for liberal construction" because he is not represented by counsel, citing to Haines v. Kerner (1972), 404 U.S. 519,92 S.Ct. 594, in support. Appellant's reliance on Haines, which is a criminal case, is misplaced. In McNeil v. United States
(1993), 508 U.S. 106, 113, 113 S.Ct. 1980, the Supreme Court of the United States further explained how Haines applies to civil cases:
* * * While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see Haines v. Kerner, 404 U.S. 519,30 L.Ed.2d 652, 92 S.Ct. 594 (1972); * * * we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. [footnote omitted] As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v.Silver (1980), 447 U.S. 807, 826, 100 S.Ct. 2486,65 L.Ed.2d 532.
 {¶ 7} While we give appellant every consideration as we review his claim for relief, we do not give him extra consideration simply because he has chosen to exercise his right to represent himself. Meyers v. First Natl. Bank (1981),3 Ohio App.3d 209, 210. In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel. State ex rel. Fullerv. Mengel, 100 Ohio St.3d 352, 354, 2003-Ohio-6448. This court simply cannot act as appellate counsel for a pro se litigant, as doing so would be inherently unjust to the adverse party. Stateex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206. Just as a party who chooses to represent himself will certainly accept any benefits that result, he must also accept the results of his own mistakes or omissions. Meyers, supra.
 {¶ 8} Appellant's first assignment of error challenges the sufficiency of service of process. Where, as here, service is obtained by one of the methods contained in Civ.R. 4.1-4.6, a rebuttable presumption arises that a party was properly served.C W Investment Co. v. Midwest Vending, Inc., Franklin App. No. 03AP-40, 2003-Ohio-4688. A determination of whether service is proper is based on the particular facts of the case and is entrusted to the sound discretion of the trial court. Id., citingThomas v. Corrigan (1999), 135 Ohio App.3d 340, 344. A defense of improper service of process is waived if it is not made by motion, included in a responsive pleading, or made as an amendment to be made as a matter of course pursuant to Civ.R. 15(A). Civ.R. 12(H)(1); Weightman v. Weightman (May 13, 1999), Franklin App. No. 98AP-1021.
 {¶ 9} Appellant never raised the issue of service of process before the trial court, either before or after trial. A question of personal jurisdiction may not be raised for the first time on appeal. Id., citing Security Ins. Co. v. Regional Transit Auth.
(1982), 4 Ohio App.3d 24, 28. Appellant's first assignment of error is therefore not properly before this court. Accordingly, it is hereby overruled.
 {¶ 10} For the sake of clarity, we next address appellant's third assignment of error, in which appellant claims the trial court committed reversible error by failing to grant a continuance. Appellant claims that on the date of trial, he telephoned the court to request a continuance because he was hospitalized. Appellant also claims he sent his cousin to the court to request a continuance on his behalf.
 {¶ 11} Pursuant to Civ.R. 75(A), the Rules of Civil Procedure apply to actions in domestic relations court. Civ.R. 7(B)(1) provides that motions in the trial court must be in writing. By rule of the domestic relations court, a motion for continuance must be submitted on a form promulgated by the court and must contain the reason for the request, the filing date of the case and the number of previous continuances. Loc.R. 3(G). Additionally, the motion must be served on the opposing party before the court can consider it. Id.; Civ.R. 5(E). Appellant's purported request by telephone for a continuance does not meet any of these standards. As a matter of law, appellant's cousin is not authorized to request a continuance on his behalf, since only an attorney may represent another party before a court. R.C.4705.01.
 {¶ 12} No motion for a continuance was ever filed with the trial court. Appellant does not explain why he could not ask for a continuance in writing, even if it were not on the proper form. The "exhibits" appellant attached to his brief, purporting to justify his absence at trial, have no effect, since an appellate court cannot consider exhibits that were not made a part of the trial court record. App.R. 12(A)(1); Bias v. Bias (Sept. 16, 1997), Gallia App. No. 96CA12, citing Isbell v. Kaiser Found.Health Plan (1993), 85 Ohio App.3d 313, 318. Even if we could consider them, they are so redacted that they provide no useful insight on the merits of appellant's claim.
{¶ 13} The decision to grant or deny a continuance is entrusted to the sound discretion of the trial court. State v. Unger
(1981), 67 Ohio St.2d 65, 67. An appellate court may not reverse the denial of a continuance absent an abuse of discretion. Id. "The term `abuse of discretion' connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. A trial court cannot abuse its discretion regarding a motion appellant never filed. Accordingly, appellant's third assignment of error is overruled.
 {¶ 14} In his second assignment of error, appellant contends the court committed reversible error by "basing its final ruling on facts irrelevant to the case and existing wholly outside the record." (Brief of appellant, at 11.) The "facts irrelevant to the case" to which appellant refers, arise out of the telephone conversation wherein he purportedly requested a continuance. Appellant alleges the trial court denied him a continuance based "upon some belief on the part of the court's secretary * * * that the appellant was somehow rude to her." (Brief of appellant, at 11.) The record does not support appellant's claim, either that this conversation occurred or that somehow the trial court was improperly influenced by occurrences or facts outside the record. In the absence of any affirmative evidence to the contrary, we must presume the regularity of the proceedings below. Sadi v.Alkhatib (Aug. 28, 2001), Franklin App. No. 01AP-125; Knapp v.Edwards Laboratories, Inc. (1980), 61 Ohio St.2d 197, 199.
 {¶ 15} Finally, appellant claims he was denied due process in the proceedings below. Appellant acknowledges he knew sometime in late November that his divorce proceeding was set for trial on December 17, 2002. (Brief of appellant, at 4.) We find, therefore, that appellant "was given notice and the opportunity to be heard under the rules and simply failed to [follow] the procedure to avail himself of this opportunity." Fuller, supra, at 354. Applying the rules of procedure in this case does not violate appellant's due process rights. Id. See, also, Metz v.Supreme Court of Ohio (C.A. 6, 2002), 46 Fed.Appx. 228; certiorari denied (2002), U.S. App., 537 U.S. 1090, 123 S.Ct. 712
(attorney's due process rights not violated where brief on the merits was stricken on procedural grounds). Accordingly, appellant's second assignment of error is overruled.
 {¶ 16} Having overruled each of appellant's three assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
Bowman and Petree, JJ., concur.
[1] An appellate brief must separately identify assignments of error and issues presented for review. App.R. 16(A)(3), (4). Although appellant's brief does not set forth assignments of error, appellee has not asked us to strike appellant's brief and has addressed the issues raised therein. Accordingly, we will construe the issues appellant raises as assignments of error so that we may decide this case on its merits rather than on procedural grounds.