OPINION
{¶ 1} Plaintiff-appellant, Noreen Compton ("appellant"), appeals from the judgment of the Franklin County Municipal Court, adopting a magistrate's decision granting judgment in favor of defendant-appellee, Karrie Bontrager ("appellee"). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant and appellee entered into a one-year lease in September 1999, wherein appellee became a roommate in a house owned by appellant. The lease provided that it would continue on a month-to-month tenancy if appellee remained at the premises after the lease's original term expired. A dispute between appellant and appellee arose in June 2003, and appellee vacated the premises on or about June 24, 2003. On July 1, 2003, appellant filed this action in small claims court, alleging that appellee breached the terms of the lease by not providing proper notice before vacating the premises. Appellant claims appellee owes $2,388.18 in unpaid rent, an unpaid phone bill, and costs to restore the leased premises to its original condition.
 {¶ 3} On August 4, 2003, a trial was conducted before a magistrate. On October 8, 2003, the magistrate filed a decision which included findings of fact and conclusions of law. The magistrate found that after weighing the evidence and determining the credibility of the witnesses, appellee had not provided appellant with proper notice of termination of the lease, and therefore found that appellee owed appellant $400 for July's rent. The magistrate additionally found that appellee owed appellant $95.38 for an unpaid phone bill. The magistrate further determined that appellee had paid appellant $200 as a security deposit. Finally, the court found that appellant had confiscated a computer belonging to appellee, which was valued at $300. In determining damages, the magistrate recommended that the combined value of the computer and the security deposit more than offset any damages that appellant proved by a preponderance of the evidence. The magistrate therefore recommended that the court enter judgment in favor of appellee, and recommended the dismissal of appellant's complaint. On October 9, 2003, the trial court signed an entry adopting the magistrate's decision, and it was journalized on October 14, 2003. On October 14, 2003, appellant filed objections to the magistrate's decision. No transcript was requested by appellant, nor was one filed for review by the trial court. The trial court overruled appellant's objections by journal entry filed on November 18, 2003, and this appeal ensued.
 {¶ 4} Appellant sets forth four assignments of error:
I. The Trial Court erred in affirming the Magistrate's Decision in not determining that Defendant-Appellee abandoned her computer when she left it in the premises after she moved out.
II. The Trial Court erred in affirming the Magistrate's Decision in arbitrarily assigning a value to a computer to use as an offset for the amount Defendant-Appellee owes to Plaintiff-Appellant.
III. The Trial Court erred in affirming the Magistrate's Decision in applying the amount of a security deposit when Plaintiff-Appellant already returned the security deposit to Defendant-Appellee.
IV. The Trial Court erred in affirming the Magistrate's Decision in applying an offset to dismiss Plaintiff-Appellant's complaint when no counterclaim or request for recovery by Defendant-Appellee was before the Court.
 {¶ 5} Any objection to a magistrate's findings of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact, or by an affidavit of that evidence if a transcript is not available. Civ.R. 53(E)(3)(c). Appellant must support a claim of factual error in a magistrate's decision with specific references to the record. In the absence of evidence to the contrary, we must presume the regularity of the proceedings below. Fields v. Stange, Franklin App. No. 03AP-48, 2004-Ohio-1134, citing Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384.
 {¶ 6} Because appellant failed to submit a transcript to the trial court with her objections, this court may not consider the transcript that appellant submitted with the appellate record.[1] Johnson v. Ohio Dept. of Rehab. Corr., Franklin App. No. 02AP-1428, 2003-Ohio-4512, citing State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730,654 N.E.2d 1254. Where the required support for a party's objections is not provided, a trial court is required to accept the magistrate's findings of facts, and can examine only the legal conclusions based on those facts. Accordingly, our review of appellant's assignments of error is limited to whether the trial court abused its discretion in applying the law to the magistrate's findings of facts. H.L.S. Bonding Co. v. Fox,
Franklin App. No. 03AP-150, 2004-Ohio-547. An abuse of discretion is described as being more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An appellate court should not substitute its judgment for that of the trial court when applying the abuse of discretion standard. Duncan, at 732.
 {¶ 7} Appellant's first assignment of error submits the magistrate erred by not declaring the appellee's computer was abandoned property. Appellant's second assignment of error contends the trial court erred in assigning a value to the computer to offset part of the amount appellee owed appellant. Appellant's third assignment of error submits the magistrate erred in applying the security deposit as an offset. Each of these assignments of error is based on findings of fact, which may not be challenged on appeal as no transcript was provided to the trial court. Appellant's first three assignments of error are therefore overruled.
 {¶ 8} Appellant's fourth assignment of error claims the magistrate erred by applying an offset to plaintiff's claim, as no counterclaim was before the court. In small claims court, the fact that no pleading in the record is identified as a counterclaim does not necessarily mean a counterclaim was not before the magistrate.
 {¶ 9} R.C. 1925.16 provides that a court may adopt local rules of practice in small claims court. The Franklin County Municipal Court has adopted local rules of practice for litigants in small claims court. Loc.R. 11.02 clearly states: "Answers and other responsive pleadings are permitted but not required unless specifically ordered by a judge or a magistrate." In a similar case to the one at bar, this court has previously held that the small claims court does not abuse its discretion by allowing a counterclaim in the nature of a setoff or defense where the plaintiff was aware of the nature of the claim. Dwork v.Offenberg (1979), 66 Ohio App.2d 14, 15, 419 N.E.2d 14.
 {¶ 10} Without a transcript, we are unable to determine if appellant raised an objection or claimed unfair surprise at trial when the issue of offset was raised by appellee. In the absence of any affirmative evidence to the contrary, we must presume the regularity of the proceedings below. Fields, supra, citingKnapp, at 199. Accordingly, we must overrule appellant's fourth assignment of error.
 {¶ 11} Having overruled appellant's four assignments of error, we hereby affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Petree and Klatt, JJ., concur.
[1] Appellant did not order a transcript until November 21, 2003, after the trial court ruled on her objections.