[Cite as *Bixby v. Ohio State Univ.*, 2018-Ohio-2016.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Lori A. Bixby, | : | |
| Plaintiff-Appellant, | : | No. 17AP-802 |
| | | (Ct. of Cl. No. 2017-00567) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| The Ohio State University, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 24, 2018

**On brief:** *Lori A. Bixby*, pro se. **Argued:** *Lori A. Bixby*.

**On brief:** *Michael DeWine*, Attorney General, and *Jeanna V. Jacobus*, for appellee. **Argued:** *Jeanna V. Jacobus*.

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Lori A. Bixby, appeals the October 10, 2017 judgment of the Court of Claims of Ohio dismissing her complaint pursuant to Civ.R. 12(B)(6). For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} On June 26, 2017, appellant filed a complaint against defendant-appellee, The Ohio State University. In her complaint, appellant stated she received treatment at The Ohio State University's Stefanie Spielman Comprehensive Breast Center. Appellant alleged she received unnecessary treatment and suffered nerve damage and carpal tunnel symptoms resulting from medication she was prescribed.

{¶ 3} On July 14, 2017, appellee filed a motion, pursuant to Civ.R. 12(B)(6), to dismiss appellant's complaint for failing to support her complaint with an affidavit of merit as required by Civ.R. 10(D)(2). On July 26, 2017, appellant filed a motion to extend time

to file an affidavit of merit. On August 18, 2017, the Court of Claims filed an order granting appellant until September 14, 2017 to file an affidavit of merit. On September 14, 2017, appellant filed a motion seeking to avoid the requirement to file an affidavit of merit because the "case is fairly straight-forward" or, in the alternative, seeking assistance in "find[ing] someone who can provide an affidavit of merit." On September 19, 2017, appellee filed a response to appellant's September 14, 2017 motion. On October 10, 2017, the Court of Claims filed an entry dismissing appellant's complaint for failing to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

## II. Discussion

{¶ 4} Initially, we note that appellant elected to proceed pro se both in bringing this action and on appeal. "It is well-established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist.2001). "In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel." *Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10.

{¶ 5} The Ohio Rules of Appellate Procedure require that an "appellant shall include in its brief, under the headings and in the order indicated * * * [a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected," and a "statement of the issues presented for review, with references to the assignments of error to which each issue relates." App.R. 16(A)(3) and (4). Appellant's brief does not satisfy either of these requirements.

{¶ 6} Pursuant to App.R. 12(A)(1)(b), appellate courts must "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16." "Thus, this court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70. Because appellant has failed to set forth any assignments of error for this court's review, it is not necessary for this court to address appellant's arguments in order to affirm the trial court's judgment. *State*

*v. Botts*, 10th Dist. No. 12AP-822, 2013-Ohio-4051, ¶ 9.  Nevertheless, in the interest of justice, we will address the assertions appellant makes in her brief, to the extent possible.[1]

{¶ 7}  Appellant filed her notice of appeal from the October 10, 2017 judgment of the Court of Claims dismissing her case for failing to file an affidavit of merit as required by Civ.R. 10(D)(2).  In her brief, appellant refers to the "previous efforts I've made including attempts to find someone who could provide an 'affidavit of merit.' "  (Appellant's Brief at 3.)  Appellant argues that "another pharmacist or oncologist would probably just reiterate what is already in my documentation."  (Appellant's Brief at 7.)

{¶ 8}  Civ.R. 10(D)(2) requires that every complaint which contains a medical claim must be accompanied by an affidavit of merit.  Specifically, Civ.R. 10(D)(2) provides:

> (a)  Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D). Affidavits of merit shall include all of the following:
>
> (i)  A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
>
> (ii)  A statement that the affiant is familiar with the applicable standard of care;
>
> (iii)  The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.
>
> * * *
>
> (d)  An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment. Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits.

---

[1] We note that appellee has not filed a motion to strike appellant's brief for non-compliance, and appellee has filed its own brief arguing the merits of the appeal. As a result, in this instance, we find appellee is not prejudiced by our decision to address the merits of the appeal. *JPMorgan Chase Bank, N.A. v. Allton*, 10th Dist. No. 14AP-228, 2014-Ohio-3742, ¶ 7 (finding no prejudice to the appellee resulting from the appellants' failure to comply with App.R. 16(A)(3) and (4) and addressing the merits of the appeal).

R.C. 2305.113€(3) defines "medical claim" as:

> [A]ny claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. "Medical claim" includes the following:
>
> (a) Derivative claims for relief that arise from the plan of care, medical diagnosis, or treatment of a person;
>
> (b) Claims that arise out of the plan of care, medical diagnosis, or treatment of any person and to which either of the following applies:
>
> (i) The claim results from acts or omissions in providing medical care.
>
> (ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.
>
> (c) Claims that arise out of the plan of care, medical diagnosis, or treatment of any person and that are brought under section 3721.17 of the Revised Code;
>
> (d) Claims that arise out of skilled nursing care or personal care services provided in a home pursuant to the plan of care, medical diagnosis, or treatment.

{¶ 9} The Supreme Court of Ohio has held that "[t]he proper response to the failure to file the affidavit required by Civ.R. 10(D)(2) is a motion to dismiss pursuant to Civ.R. 12(B)(6)." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, paragraph one of the syllabus. "The purpose behind the requirement in Civ.R. 10(D)(2) is to deter individuals from filing frivolous medical malpractice claims and to 'establish the adequacy of the complaint.' " *Jackson v. Northeast Pre-Release Ctr.*, 10th Dist. No. 09AP-457, 2010-Ohio-1022, ¶ 15, quoting *Fletcher* at ¶ 10, citing current Civ.R. 10(D)(2)(d). "Thus, Civ.R. 10(D)(2)(d) imposes a heightened standard of pleading upon a plaintiff and goes directly to the sufficiency of the complaint, thereby making a motion to dismiss for failure to state a claim upon which relief can be granted the proper remedy to impose when a plaintiff fails to include an affidavit of merit." *Id.* at ¶ 15, citing *Fletcher* at ¶ 14. An

appellate court applies a de novo standard when reviewing a judgment dismissing a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).[2] *Woods v. Riverside Methodist Hosp.*, 10th Dist. No. 11AP-689, 2012-Ohio-3139, ¶ 9.

{¶ 10} It is undisputed that appellant's claim was a medical claim as defined by R.C. 2305.113 and that she failed to file an affidavit of merit as required by Civ.R. 10(D)(2). Appellant sought and received additional time to file an affidavit of merit, but she did not. Appellant also sought assistance from the court in "find[ing] someone who can provide an affidavit of merit." (Appellant's Sept. 14, 2017 Motion.) A court, however, cannot act as counsel for a pro se litigant, as doing so would be inherently unjust to the adverse party. *Fields* at ¶ 7. Without the accompanying affidavit, appellant failed to plead in her complaint a claim upon which relief could be granted. *Fletcher* at ¶ 15; *Jackson* at ¶ 17. Therefore, we find the Court of Claims did not err in dismissing the case.

### III. Conclusion

{¶ 11} Based on the foregoing, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK and BRUNNER, JJ., concur.

_____

[2] We note that Civ.R. 10(D)(2)(d) provides that "[a]ny dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits." The Supreme Court has held "[a] dismissal of a complaint for failure to attach the affidavit of merit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits and is a dismissal without prejudice by operation of law." *Troyer v. Janis*, 132 Ohio St.3d 229, 2012-Ohio-2406, paragraph one of the syllabus. Generally, an involuntary dismissal without prejudice is not a final appealable order. *Straquadine v. Crowne Pointe Care Ctr.*, 10th Dist. No. 10AP-607, 2012-Ohio-1152, ¶ 9. Therefore, we must consider whether appellant could have refiled her claims following dismissal of the complaint. *Id.* at ¶ 10. Under Ohio law, medical claims are subject to a one-year statute of limitations after the cause of action accrues. R.C. 2305.113(A); *Rose v. Zyniewicz*, 10th Dist. No. 10AP-910, 2011-Ohio-3702, ¶ 25. A cause of action accrues and the statute of limitations begins to run when: (1) " 'the patient discovers or, with the exercise of reasonable care should have discovered, the resulting injury'; or (2) 'the physician-patient relationship for the condition for which care was sought terminates, whichever occurs later.' " *Id.*, quoting *Theobald v. Univ. of Cincinnati*, 10th Dist. No. 09AP-269, 2009-Ohio-5204, ¶ 9. In her complaint, appellant states she began noticing carpal tunnel symptoms "immediately" after she began her post-chemotherapy treatment in November 2014 and that the physician-patient relationship terminated in "Spring 2016." Appellant filed her complaint on June 26, 2017, more than one year after the accrual of the cause of action. Because appellant's complaint was filed outside the statute of limitations and, therefore, she could not have availed herself of the savings statute, we conclude the order dismissing appellant's complaint was a final appealable order. *B.H. v. State Dept. of Adm. Servs.*, 10th Dist. No. 16AP-747, 2017-Ohio-9030, ¶ 9-10.