[Cite as *Alford v. Ohio State Univ. Wexner Med. Ctr.*, 2019-Ohio-486.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Brian Keith Alford, :

      Plaintiff-Appellant, : No. 18AP-220
                                     (Ct. of Cl. No. 2017-00592)

v. :

                                          (REGULAR CALENDAR)

Ohio State University :
Wexner Medical Center

:

      Defendant-Appellee.

:

---

D E C I S I O N

Rendered on February 12, 2019

---

**On brief:** *Brian Keith Alford*, pro se.

**On brief:** [*Dave Yost*], Attorney General, and *Brian M. Kneafsey, Jr.*, for appellee.

---

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Brian Keith Alford, appeals from a judgment entry of the Court of Claims of Ohio granting the motion to dismiss of defendant-appellee, Ohio State University Wexner Medical Center ("OSU"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On July 10, 2017, Alford, an inmate at Toledo Correctional Institution, filed a complaint alleging medical negligence against OSU following surgery to repair a retinal tear to his left eye. Within his complaint, Alford requested an extension of time to file an affidavit of merit pursuant to Civ.R. 10(D)(2)(b). Alford attached to his complaint a March 3, 2017 entry dismissing a prior complaint for the same injury for his failure to file

the required affidavit of merit with the prior complaint. OSU filed an answer on August 8, 2017.

{¶ 3} The trial court, in an October 17, 2017 entry, stayed the case and granted Alford's motion for extension of time to file an affidavit of merit until December 1, 2017. On November 8, 2017, Alford filed a motion requesting an additional extension of time to file an affidavit of merit. Subsequently, on December 4, 2017, three days after the expiration of the extension of time granted by the trial court, OSU filed a motion to dismiss Alford's complaint for failure to file the required affidavit of merit pursuant to Civ.R. 10(D)(2). Alford filed a memorandum in opposition to OSU's motion to dismiss on December 19, 2017 noting he had requested an additional extension of time in which to file an affidavit of merit. Additionally, Alford filed a third motion for an extension of time to file an affidavit of merit on February 28, 2018.

{¶ 4} In a February 28, 2018 entry of dismissal, the trial court granted OSU's motion to dismiss Alford's complaint pursuant to Civ.R. 12(B)(6). Specifically, the trial court concluded that Alford's failure to provide the required affidavit of merit pursuant to Civ.R. 10(D)(2) rendered the complaint deficient. The trial court denied Alford's additional requests for further extensions of time and dismissed as moot all other pending motions. Alford timely appeals.

## II.  Assignment of Error

{¶ 5} Alford assigns the following error for our review:

> The trial court committed prejudicial error to Plaintiff-Appellant when it granted Defendant-Appellee[']s motion to dismiss pursuant to Civil Rule 12(B)(6) for failure to file required affidavit of merit pursuant to Civil Rule 10(D)(2)(d) as the proper[ ] remedy for failure to comply with civil rule 10(D)(2) is for Defendant-Appellee to request more definite statement.

## III.  Analysis

{¶ 6} In his sole assignment of error, Alford argues the trial court erred in granting OSU's motion to dismiss.

{¶ 7} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to

dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.). When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 8} Here, there is no dispute that Alford's complaint alleged a medical claim against OSU within the meaning of R.C. 2305.113. Pursuant to Civ.R. 10(D)(2), a plaintiff filing a complaint containing a medical claim must additionally file an affidavit of merit along with the complaint. More specifically, Civ.R. 10(D)(2) provides:

> (a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim * * * as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D). Affidavits of merit shall include all of the following:
>
>> (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
>>
>> (ii) A statement that the affiant is familiar with the applicable standard of care;
>>
>> (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.
>
> * * *

(d) An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment. Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits.

{¶ 9}   "The Supreme Court of Ohio has held that '[t]he proper response to the failure to file the affidavit required by Civ.R. 10(D)(2) is a motion to dismiss pursuant to Civ.R. 12(B)(6).' " *Bixby v. Ohio State Univ.*, 10th Dist. No. 17AP-802, 2018-Ohio-2016, ¶ 9, quoting *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, paragraph one of the syllabus.   " 'The purpose behind the requirement in Civ.R. 10(D)(2) is to deter individuals from filing frivolous medical malpractice claims and to "establish the adequacy of the compliant." ' " *Id.*, quoting *Jackson v. Northeast Pre-Release Ctr.*, 10th Dist. No. 09AP-457, 2010-Ohio-1022, ¶ 15, quoting *Fletcher* at ¶ 1o.

{¶ 10}Here, there is no dispute that Alford failed to file an affidavit of merit as required by Civ.R. 10(D)(2).[1]   The trial court granted Alford one extension of time until December 1, 2017 in which to file his affidavit of merit and he failed to do so.  Moreover, he failed to file an affidavit of merit between that extension and the ultimate dismissal on February 28, 2018. Thus, because Alford did not file an affidavit of merit, the trial court did not err in granting OSU's motion to dismiss.  *Bixby* at ¶ 10; *Adams v. Kurz*, 10th Dist. No. 09AP-1081, 2010-Ohio-2776, ¶ 38 ("[a] court correctly dismisses a medical claim that lacks the affidavit of merit").  We overrule Alford's sole assignment of error.

## IV. Disposition

{¶ 11} Based on the foregoing reasons, the trial court did not err in granting OSU's Civ.R. 12(B)(6) motion to dismiss for Alford's failure to file the required affidavit of merit. Having overruled Alford's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

[1] The trial court had dismissed Alford's first complaint without prejudice on March 3, 2017 for failure to file an affidavit of merit.  Alford then refiled his complaint on July 10, 2017 and again failed to file an affidavit of merit.