[Cite as *Rohrig v. Tequila Cowboys Columbus*, 2019-Ohio-3496.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kyle Rohrig, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-244 |
| v. | : | (C.P.C. No. 18CV-6567) |
| Tequila Cowboys Columbus, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 29, 2019

*Kyle Rohrig*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Kyle Rohrig, appeals a decision from the Franklin County Court of Common Pleas granting a motion to dismiss his complaint. Because Rohrig failed to sue a valid entity, we affirm the trial court's decision.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 1, 2018, Rohrig filed a complaint against defendant-appellee "Tequila Cowboys Columbus" ("Tequila Cowboys"). (Compl. at 1.) He alleged that he was "unlawfully fired" or "forced me to quit" as a result of harassment by other employees and patrons. (Compl. at 1.) Rohrig's entire complaint asserts the following allegations against Tequila Cowboys:

> 1. Let [p]atrons harass me knowingly and no investigation done until another party asked for one to be done.
>
> 2. An employee unlawfully gave out my information to a party to harass me by calling the police on me using said information after the General Manager himself stated that it

was [only for] employee texts for work. No retaliation or firing of that employee.

3. All employees and harassing party went around saying I was fired after I had knowingly quit by several employees including the General Manager Himself while lying to harassing party about how long Plaintiff was banned for.

4. Plaintiff was told by several employees to keep his mouth shut about being harassed which led to a hostile work environment and a cease/desist order sent to Plaintiff [be]cause all patrons wanted him back there and to settle what really happened after Plaintiff found out about Defendant saying Plaintiff was fired.

(Compl. at 1-2.) Rohrig then requests that he be awarded "no less than part or full ownership" of Tequila Cowboys in his prayer for relief. (Compl. at 2.)

{¶ 3} TC Restaurant Enterprise, LLC ("TC"), a non-party to the action, appeared and filed a motion to dismiss. TC alleged that it owns and operates "Tequila Cowboy Bar & Grill." TC requested that the trial court dismiss the action because Tequila Cowboys is not a valid legal entity.

{¶ 4} Rohrig opposed the motion, arguing that the business calls itself Tequila Cowboys on Facebook.

{¶ 5} On April 11, 2019, the trial court granted TC's motion to dismiss, finding that "Plaintiff has failed to assert a claim against a sole proprietorship or a valid legal entity." (Apr. 11, 2019 Order at 1.) Rohrig appeals this decision.

## II. ASSIGNMENT OF ERROR

{¶ 6} We construe Rohrig's "point of appeal" as an assignment of error. In that sole assignment of error, Rohrig states:

The Appellate Court should overrule the verdict set by Judge Brown in the Court of Common Pleas Civil Division in Franklin County Ohio due to New Evidence and Withholding of Evidence by two different Law firms both claiming to represent Tequila Cowboy LLC Bar and Grill one saying owner located in Columbus and the other saying it is not a sole proprietorship. Also, Judge Brown did not stick to his case schedule that he made himself making a decision well before the date given.

## III.  LAW AND ANALYSIS

{¶ 7}    Initially, we note that Rohrig has elected to proceed pro se both in bringing this action and on appeal.  "It is well-established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist.2001); *see also Bixby v. Ohio State Univ.*, 10th Dist. No. 17AP-802, 2018-Ohio-2016.  "In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel." *Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10.

{¶ 8}    The Ohio Rules of Appellate Procedure require that an "appellant shall include in its brief, under the headings and in the order indicated, all of the following:"

(1)  A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

App.R. 16(A)(1) through (8).  Appellant's brief does not satisfy six out of eight of these requirements.

{¶ 9}   Pursuant to App.R. 12(A)(1)(b), appellate courts must "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16." "Thus, this court rules on assignments of error only, and will not address mere arguments."  *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70; *see also Bixby* at ¶ 6.  Because Rohrig has failed to set forth any assignments of error for this court's review, it is not necessary for this court to address his arguments in order to affirm the trial court's judgment.  *State v. Botts*, 10th Dist. No. 12AP-822, 2013-Ohio-4051, ¶ 9; *Bixby* at ¶ 6.  Nevertheless, in the interest of justice, we will construe Rohrig's "point of appeal" as an assignment of error and we will address the assertions he makes in his brief, to the extent possible.

{¶ 10} Rohrig contends that the trial court should not have dismissed his appeal because "Tequila Cowboy LLC Bar and Grill calls itself Tequila Cowboy Columbus on Facebook so unless it is for [f]raudulent or [f]ictitious purposes that is their legal name." (Appellant's Brief at 2.)  Rohrig refers to a municipal court case throughout his appeal to support his contention that he did not file suit against the wrong entity.  Rohrig's cited case, *State v. Hayes*, Warren M.C. No. 2002 TRD 1583, 119 Ohio Misc.2d 124 (July 1, 2002), addressed a situation in which the state tried to bring a criminal charge against an individual defendant for using a state identification card indicating that he was Santa Claus.  That situation is not applicable to this action.

{¶ 11} Because Rohrig makes no viable argument for reversal, we overrule Rohrig's sole assignment of error, and we affirm the trial court's decision dismissing his complaint.

*Judgment affirmed.*

BRUNNER and NELSON, JJ., concur.

———————————